RUGGLES *against* LAWSON AND OTHERS.

NEW YORK,
May, 1816.

RUGGLES
v.
LAWSON.

THIS was a suit in *partition*, tried before his honour the chief justice, at the *Orange* circuit, in *September*, 1814.

The plaintiff, in his petition, set forth, that he was seised, in fee, as tenant in common, of an undivided moiety of the premises in question; and that *Daniel Lawson* and others, defendants, as heirs at law of *Robert Thomson*, jun., deceased, were each seised of an equal and undivided twentieth of the premises, and the widow of *Robert Thomson* was entitled to her dower in the one third of the said ten twentieths of the premises, of which the heirs of the said *Robert Thomson* were so seised. Several of the defendants put in pleas of confession, and consented to the partition. *Robert Thomson* and *Nelson Thomson*, two of the defendants, pleaded *non tenent in simul*, and gave notice, under the plea, that they would prove, at the trial, that they were entitled, in their own right, to one half of the premises, and that they claimed title to the same, by virtue of a conveyance to them, dated the 15th of *November*, 1811, from their father, *Robert Thomson*, (setting forth the deed at length.)

At the trial, it was admitted that the plaintiff was seised, in fee, of an undivided moiety of the premises.

*Robert* and *Nelson Thomson*, two of the defendants, gave in evidence the deed set forth in the notice accompanying their plea. The deed was given for natural love and affection of the grantor to his two sons, and for the further consideration of one dollar, and conveyed an undivided moiety of the premises. *David Mason*, a witness, proved, that, in *June*, 1814, the grantor, being sick, took from his chest the deed in question, among other deeds to his children, which he delivered to the witness, and, at the same time, directed him, in case he should die before making his will, which he had requested the witness to draw up for him, that he, the witness, would deliver the deeds to his children, respectively; the witness having retired, for a short time, to prepare the will of the grantor, on his return found him dead; and, about a month after his decease, the witness delivered the deeds to the grantees named therein.

A verdict was taken for the plaintiff, subject to the opinion of the court, on a case, which was submitted to the court without argument.

Where a deed is delivered as an *escrow*, and either of the parties dies before the condition is performed, and, afterwards, the condition is performed, the deed is valid, and takes effect from the first delivery.

Where A. having executed a deed of lands, in consideration of natural love and affection to two of his sons, and delivered it to C. to be delivered to his sons, in case A. should die without making a will; and A. having died without a will, C. delivered the deed to the sons: Held, that this was a valid deed, and took effect from the first delivery.

*Per Curiam.* The only question in this case relates to the effect and operation of the deed from *Robert Thomson,* jun., to his two sons, *Robert* and *Nelson.* This deed was duly executed by the grantor, in his lifetime, and delivered to a third person, to be delivered to the grantees, in case the grantor should die before having made and executed his will. The grantor did die without having made any will, and the deed was, after his death, delivered to the grantees. If this deed is to be considered as an *escrow,* the estate, under the circumstances stated in the case, passed to the grantees, upon the delivery after the death of the grantor. It is a well-settled rule with respect to an *escrow,* that if either of the parties die before the condition is performed, and, afterwards, the condition is performed, the deed is good, and will take effect from the first delivery. (*Shep. Touch.* 59.) It may, however, be questionable whether this deed is to be viewed as an *escrow ;* the grantees had nothing to do, on their part, in order to make the deed absolute, which is usually the case where a deed is delivered as an *escrow.* The delivery here was, at all events, conditional, and to become absolute upon an event which has taken place ; and, as in the case of an *escrow,* the deed will take effect from the first delivery. This principle is very fully laid down and illustrated in the cases of *Wheelwright* v. *Wheelwright,* and *Hatch* v. *Hatch,* (2 *Mass. Rep.* 447., and 9 *Mass. Rep.* 307.) The grantees in this deed are, therefore, entitled to a moiety of the premises, and partition must be made accordingly.