By the Court,
Cowen, J.
The deed to the plaintiffs’ ancestor, so far as regards the real estate, was an attempt to convey the expectancy of an heir, or, at most, the right arising under the deed to the defendant, which had not yet been delivered to him. Taking the inventory in connection with the deed, we see it was so understood by *643 the parties. The deed was a mere quit claim; and the plaintiffs’ counsel does not pretend that it can avail either directly or as an estoppel to carry the naked possibility of inheritance. But it is said, the deed to the defendant was an escrow in the hands of Benedict, which, on its final delivery, took effect by relation from the day of its date; and that the judge, therefore, erred in nonsuiting the plaintiffs, inasmuch as on the other questions, there was evidence which should have gone to the jury. I am inclined to think with the plaintiffs’ counsel that the question whether this nonsuit can be retained, comes down to the effect of the defendant’s deed from his father. This seems to be entirely settled. If not technically an escrow, it was in the nature of one; and on the death of the defendant’s father, it took effect by relation, from the time of the delivery to Benedict. (Ruggles v. Lawson, 13 John. 285; Wheelwright v. Wheelwright, 2 Mass. Rep. 447, 454; Belden v. Carter, 4 Day, 66, 79; Stewart v. Stewart, 5 Conn. Rep. 317, 320.) The case at bar is stronger than any of those cited; for in each of them a power remained in the grantor till he died to revoke and resume possession of his deed. Here the consent of the grantee was by agreement madé necessary, before the deed could be delivered up. No right of a third person is interposed to prevent the effect of the relation as between the defendant and the ancestor of the plaintiffs. And should the jury have believed that the delivery to Benedict was anterior to the deed from the defendant, there was, in fiction of law, a complete title upon which the latter could operate. This passed to the ancestor of the plaintiffs, and they, as his heirs, are consequently entitled to recover. In saying so, I speak under the qualification that the deed expressed, or was in fact given upon an adequate consideration; and that there was no adverse possession effectual as a bar. These are questions which, with the time when the deeds were respectively executed, appear to have been proper for the jury; and therefore the learned judge ought not to have nonsuited the plaintiffs.
New trial granted.