Wood, C. J.
The law side of this courtis not the forum to settle the equities between these parties. If Shirley, by the assignment of the title bond, in December, 1838, obtained an equity which overreaches the lien of the levy which was made on April 13, 1840, and to which the sheriff’s deed relates, ho must assert it in a court of chancery. This assignment, however, bears date less than one month after Mrs. Case filed her petition for divorce and alimony, in the county of Ashtabula, and it might possibly be a tight fit, to answer favorably to such an equity, whether it was not acquired to defeat a decree for alimony, which might thoi’eafter be made?
The only question in this suit, as it is presented is, whether the deed to Case was delivered? If it was not, there was no legal title in Case, bn which the levy could attach, and Ayres took nothing by his purchase and sheriff’s'deed, that will enable him to defend in ejectment.
If there was such delivery, the levy was eighteen months ante- . rior to the conveyance to Shirley, and can not be affected by Shir *310 ley’s speed in placing his deed first on record, because he had full notice of the prior deed to Case. '
'--It seems to be supposed that there must have been an actual delivery of the deed into the hands of Case, to clothe him with the legal title; but it is not required. As a general rule, when an instrument is placed in the hands of a third person, as an escrow, it takes effect from the second delivery; but suph rule docs not apply when either justice or necessity requires a resort to fiction, in order to avoid injury; as in case of intervening rights, between the first and second delivery, it shall have relation back, and take effect from its first delivery, as an escrow. 4 Kent’s Com. 454.
It is also a rule of law, that a delivery to a third person, for the use of the grantee, without his knowledge, is valid, if he afterward assent to such delivery. 2 Stark. Ev. 477, n. 1.
To constitute a good delivery, the grantor must, it is said, do some act, putting it beyond his power to revoke. The delivery need not be to the party ; it may be to another jferson, with authority from the party, or to a stranger, for and in behalf, and to the use of the party, without authority; and, in either case, if unconditional, the deed will take effect instanter. 7 Conn. 503. If delivered as an escrow, when the condition is performed, it will, in many cases, take effect from the first delivery. 13 Johns. 285 ; 18 Johns. 554; 1 Johns. Ch. 28, and cases cited.
In Juno, 1835, the deed was in Elliott’s hands, to be given to Case when he paid the note and returned the bond. Case paid part, promised to pay the rest, and take the deed. The balance of the note was collected of Case, and Elliott was instructed to give up the deed, without anything said in reference to the bond. Elliott informed Case of this, but Case did not take the deed.
Can there be any doubt that the deed, thus in the hands of Elliott, is, for every legal purpose, in the hands of Case, and a valid delivery to Case? We think not.
Judgment for defendant.