# MERRIMACK,

## JULY TERM, A. D. 1855.

## ELA v. KIMBALL.

Where, upon a negotiation for the sale of certain real estate from E. to K., a deed was made by E., and acknowledged, and was taken by an agent of E., who afterwards met K. at the office of M., and K. there produced a deed of a piece of land, and also a mortgage executed by K. to E.; said land being agreed to be conveyed by K. to E., in part payment of the land described in the deed of E. to K., and said mortgage being made to secure the payment of certain *notes from K. to E.*, intended as the balance of the price of said land, over $500 in cash, which was also to be paid to said E. for the land; and K. and the agent of E. conversed awhile, and then parted, and K. took away with him his deed and mortgage, and the deed of E. was left in the possession of one D., by the agent of E., together with a memorandum signed by said agent, directing said D. to hold said deed to be delivered to said K., upon payment of $500 by him for the use of said E., or upon receiving the order of said agent to deliver it; and the money was not paid, and no order was received by D. to deliver the deed; it was *held*, that no delivery of the deed of E. to K. was shown.

The court instructed the jury that if, at the date of said negotiation, it was the agreement of the parties that certain notes then given by K. to E. should be paid, whether the trade was consummated or not, there was a sufficient consideration shown for the notes, viz., the agreement of the grantor that the grantee should have the deed upon complying with the conditions named; it was *held*, that the direction was sufficiently favorable to the plaintiff, and furnished no cause for setting aside the verdict.

It was *held*, also, that if it was the understanding of the parties that if a part of the trade should fall through, the whole contract should terminate, and that the notes should not be paid unless the trade was fully completed, upon a failure to comply with the conditions named, there was no sufficient consideration for the notes shown, and no action could be maintained thereon.

ASSUMPSIT, upon a promissory note, dated December 29, 1851, for $510,83, and interest.

The defence relied upon was the want or failure of consideration.

It appeared that the note was one of several notes given by the defendant, upon a negotiation for the sale of certain real estate by the plaintiff, Susan S. Ela, to the defendant. Sylvester Dana, Esq., testified that on the day of the date of the note, at the request of George W. Ela, a brother of the plaintiff, he went to her house and took her acknowledgment of a deed from her to the defendant. The deed was not delivered at her house, but was taken by Geo. W. Ela to Dr. Morril's office, where they met the defendant, Kimball, who produced a deed and also a mortgage from himself to the plaintiff. The deed was of a piece of land to be conveyed as a part of the consideration of the deed, Ela to Kimball. The sum of five hundred dollars was to be paid in cash, and the mortgage was to secure the balance of the consideration. Kimball and George W. Ela had considerable conversation, which the witness did not particularly notice and could not remember, but the result was that Kimball took away with him his deed and mortgage, and the deed, Ela to Kimball, was left in the possession of the witness, and he received of George W. Ela a memorandum, signed by him, and which was as follows, viz.: " Mr. Dana will hold the accompanying deed, S. S. Ela to W. H. Kimball, to be delivered to the said W. H. Kimball, on his payment of five hundred dollars for the said S. S. Ela, or on my order to that effect. December 29, 1851." During this interview, George W. Ela was engaged in writing notes or papers of some kind, and the witness heard something said about notes, but what he could not state. Kimball never paid the $500, and never called for the deed, and George W. Ela never directed the witness to deliver the deed to the defendant, and the deed remained in the possession of the witness until the trial. The latter part of May, 1852, the

witness, at the request of George W. Ela, went to the defendant to get his proposition what he would pay and be relieved from his situation. He said that he would pay $200, to get out of it. The defendant spoke of the notes, and said that if they were sued, he should make the best defence he could to them. No compromise was effected. Kimball had before notified the witness that he claimed no rights under the contract, and should not go on with it. Neither party put George W. Ela upon the stand.

Upon this evidence, the plaintiff's counsel requested the court to charge, that the defendant was liable upon the notes.

The court instructed the jury that the deed, Ela to Kimball, had never taken effect so as to pass the title to him, but whether this would constitute a defence or not, depended upon what they should believe was the understanding and agreement of the parties. If it was the understanding that the notes should be paid, whether the trade was consummated or not, there was a sufficient consideration for the notes, to wit., the agreement of the plaintiff that the defendant should have the deed upon his performing the conditions; but if it was the understanding that if part fell through, the whole trade should terminate, and the notes should not be paid unless the trade was completed, then the plaintiff could not recover in this suit.

The jury returned a verdict for the defendant, which the plaintiff moved to set aside on the ground that the instructions asked for should have been granted, and those given withheld.

It was ordered that the questions arising upon this motion be transferred to this court for decision.

*George & Foster*, for the plaintiff.

I. There was no failure or want of consideration for the note in suit.

1. The plaintiff's deed was an agreement, in writing, to convey land; an obligation of benefit to the defendant; an

agreement capable of enforcement both at law and in equity, and which the plaintiff has always stood ready to perform. As such it was a sufficient consideration to support the promise of the other party. *Saco Manuf. Co.* v. *Whitney,* 7 Greenl. 259; *Amherst Academy* v. *Cowls,* 6 Pick. 433; *Hunt* v. *Livermore,* 5 Pick. 395; *Sanborn* v. *French,* 2 Foster's Rep. 246.

The delivery of the title deeds is not made, by law, a condition precedent to the right to maintain a suit on a note given for the purchase money of land. *Armfield* v. *Tate,* 7 Ired. 258. See, also, *Dougherty* v. *Goggin,* 1 J. J. Marsh. 374; *Dyer* v. *Burnham,* 25 Maine Rep. 9; 1 Saund. 320, note 4.

2. *A fortiori,* would such an agreement be a sufficient consideration, when actually performed; as was the case when the plaintiff delivered the deed to Dana as an escrow.

II. A partial failure of consideration is no defence to an action on a promissory note. *Moggridge* v. *Jones,* 3 Camp. 37; *Condrey* v. *West,* 11 Ill. Rep. 146; *Freleigh* v. *Platt,* 5 Cow. 495; *Chapman* v. *Eddy.* 13 Vt. Rep. 205.

We say, then, the instructions desired by the plaintiff should have been given, and those given should have been withholden, because the latter have, in fact, nothing to do with the case, and were calculated to mislead the jury. The papers, the plaintiff's deed, and the defendant's note, clearly indicate the actual and legal intention of the parties; and no "understanding" by either of them, nor parol agreement, even, could vary the terms of their written contracts.

It cannot be said that the fact that the defendant took away *his* deed and mortgage, shows that the transaction was broken off, or that either party "understood" that the trade might "fall through." The leaving the plaintiff's deed with Dana, with the memorandum accompanying it, expressly negatives any such inference.

Besides, it is quite likely they were taken away for the

performance of some collateral act; perhaps to obtain from Kimball's wife her relinquishment of dower.

*Fowler*, for the defendant.

I.   The instructions of the court, that no title had ever passed by the deed of Ela to Kimball, were correct.  Delivery is essential to a deed.  2 U. S. Dig. 29, article Deed § 56, and the authorities there cited.

A deed takes effect from its delivery.  2 U. S. Dig. 29, Deed, § 57, and authorities.

Where a deed was held by the grantor until the consideration was paid, and the grantor died before payment, having devised the land, it was held that the devisee took the estate, there being no delivery of the deed.   *Jackson* v. *Dunlap*, 1 Johns. Ca. 114, 125.

Where a deed was executed by the grantor, and a note by the grantee for the consideration, and both placed in the hands of a third person to be exchanged, when both parties should agree, it was held that there was no delivery to enable the grantor to bring a suit upon the note.   *Clark* v. *Gifford*, 10 Wend. 310.

If an instrument be signed and sealed by the grantor, but is left with a third person, without any express or implied authority to deliver it to the grantee, it is not presently the deed of the grantee.   *Carr* v. *Hoxie*, 5 Mason 60.

A deed delivered as an escrow, does not take effect until the condition is performed, except where the operation of the conveyance would be absolutely defeated, unless the first delivery should be permitted to have effect.   *Jackson* v. *Rowland*, 6 Wend. 666 ; *Carr* v. *Hoxie*, 5 Mason 60.

A deed executed by a sheriff for lands purchased at a sale under a *fi. fa.* and delivered to the attorney of the plaintiff, to be delivered by him to the grantee, on the payment of the purchase money, is an escrow, and until the condition be performed, the estate remains in the execution debtor.

*Jackson* v. *Catlin*, 2 Johns. 248; *Robins* v. *Bellas*, 2 Watts 359.

A deed delivered to a stranger to it, by the grantor, with directions to deliver the same to the grantee, on the performance of some condition, is an escrow, whether it is expressly called so or not. *State Bank* v. *Evans*, 3 Greenl. 155.

And nothing passes by it, until the condition is performed. *Hinman* v. *Booth*, 21 Wend. 267; *Jackson* v. *Sheldon*, 9 Shep. 569; *Stiles* v. *Brown*, 16 Vt. Rep. 563; *Green* v. *Putnam*, 1 Barb. 500.

A deed delivered to a third person, to be retained until some condition is performed, is an escrow, and has no operation till the condition is performed. *Bickford* v. *Daniels*, 2 N. H. Rep. 74, and authorities there cited.

Here the case finds that the deed was delivered as an escrow to Dana, with express instructions in writing, by the agent of the grantor, to deliver it to the grantee, on the performance of certain conditions, which had never been performed, and that Dana still retained the deed, and produced it, with his instructions, on the trial.

II. The instructions of the court upon the other points were certainly as favorable to the plaintiff as could be desired, and the jury having found, under them, that the understanding was that the notes should not be paid, unless the trade was completed, furnish no reason for setting aside the verdict.

III. The instructions asked for, that the defendant was liable upon the notes, were not justified by the circumstances of the case. There had been nothing in the evidence to show any reason whatever why the defendant should pay the notes at all events. The notes were made as part of the consideration of the deed. That deed had never been delivered, nothing had passed by it, and consequently no consideration for the notes existed.

Instead of the plaintiff requiring such instructions as her counsel asked for, it seems to us that the defendant might

well have insisted that the jury should have been instructed that, under the evidence, the notes were without consideration and void.

To have compelled the defendant to pay the notes, under the circumstances disclosed in the evidence, would have been a gross outrage on honesty and fair dealing ; a modern example of insisting upon the pound of flesh named in the Jew's bond.

*Perley*, on the same side.

I.   The deed, Ela to Kimball, was not delivered; it was not intended that it should be, until certain conditions were complied with, and Kimball has obtained no title to the land.

II.   The note in suit was one of several made on a negotiation for the sale of land.   There was no evidence to show that this note was made on a different consideration from that of the others.   All the notes, if any, were to be paid as the consideration of the plaintiff's offer to sell. The jury were certainly at liberty to find so.   The case of the plaintiff would therefore require her to maintain that all the notes made on this negotiation for a sale, were intended as a mere penalty on the part of Kimball, if he did perform his verbal agreement ; though the plaintiff was to forfeit nothing, if she should retract, and she was no more bound than the defendant.

III.   The offer of Kimball to pay a small sum by way of compromise, is no evidence ; and, if evidence, was left to the jury.

IV.   The case does not show even a verbal bargain by the plaintiff to sell the land.   So far as appears it was a mere unfinished negotiation.

V.   But if she made a verbal agreement to sell the land, it was void, and no consideration for the defendant's note. George W. Ela had no authority to act for her.   If he had,

his order to Dana was revocable, and no contract or memorandum of a contract.

Woods, C. J.　1. The instruction given to the jury, that the deed, Ela to Kimball, did not take effect so as to pass the title of the land to the defendant, was correct.

It was never delivered.　A delivery was necessary to give it effect as a conveyance.　This is a familiar principle of the law.　*Canning* v. *Pinkham*, 1 N. H. Rep. 353.　The deed was duly executed, and by George W. Ela, the friend and agent of the plaintiff, placed in the hands of Mr. Dana, to be delivered upon condition that the defendant should first pay $500 for the use of the plaintiff, or that said George W. Ela should order and direct its delivery.　The condition respecting the payment of the money was never complied with, and George W. Ela never directed the delivery of the deed, and it never was in fact delivered.　It continued in the possession of the agent of the grantor.　It was never in the actual posession, or under the actual or legal control of the grantee.　No delivery could result as matter of law from such a state of facts.　It possessed none of the elements of an effectual delivery.　The grantor did not part with the control of the deed, nor is an intention to do so shown, excepting upon a full compliance with the condition named.

Phillips says, " With regard to the delivery of a deed, no particular form is necessary ; it will be sufficient if a party testifies his intention in any manner, whether by action or by word, to deliver or to put it into the possession of the other party, as if a party threw the deed upon a table, with the intent that it may be taken by the other, who accordingly takes it, or if a stranger deliver it with the assent of the party to the deed."　1 Phillips' Evidence, (2 ed.,) 467.

It has been decided that a deed, signed, sealed, and deposited to be kept or held by the depositary, subject to the order of the depositor, is not delivered, either actually or constructively ; but, on the contrary, the terms of the deposit

exclude the idea of a delivery. *Alsop* v. *Swathel*, 7 Conn. 500.

·So it is entirely well settled that, as a general rule, the delivery of a deed to a third person, upon some condition to be performed by the grantee, or upon any other condition or contingency, will not constitute a sufficient delivery to the grantee, until the performance of the condition or the happening of the contingency, and that the deed will be wholly inoperative. *Bickford* v. *Daniels*, 2 N. H. Rep. 71; *Catlin* v. *Jackson*, 8 Johns. 520; 3 Coke 356; *Hatch* v. *Hatch*, 9 Mass. 307; *Wheelwright* v. *Wheelwright*, 2 Mass. 447; *Ruggles* v. *Lawson*, 13 Johns. 285.

To constitute a good delivery, the consent of the maker of the deed is essential, and where the circumstances show that he did not consent, it is not his deed. *Woodman* v. *Coolbroth*, 7 Greenl. 181.

In *Bickford* v. *Daniels*, before cited, Mr. Justice *Woodbury* says, " The general rule, in all conditions precedent, is that nothing vests till the condition be performed. And it is a solecism to say that a deed has been delivered to an individual, when he never has had either the actual possession or a right to the actual possession of it."

The facts disclosed in the present case show most distinctly that it was not the intention of the grantor that the deed should be delivered, until one or the other of the conditions upon which it was to be delivered to the grantee, should be performed. There was wanting, then, the consent of the maker of the deed, without which, upon all the authorities, there can be no delivery ; and the grantee had neither the possession nor the right of possession of the deed. It is entirely clear, upon the facts of this case, that no delivery was shown.

2. The court further told the jury that if it was the understanding of the parties that the notes should be paid, whether the entire agreement for the sale of the land should be consummated or not, there was a sufficient consideration

for the notes, viz: the agreement of the plaintiff that the defendant should have the deed, upon his performing the stipulated conditions. This branch of the instructions is not, of course complained of, it being at least sufficiently favorable to the plaintiff.

3. The court further instructed the jury that if it was the understanding that in case a part of the agreement should fall through, or fail to be consummated, the entire agreement should be thrown up, and that the notes should not be paid, unless the entire trade was completed, then the plaintiff could not recover in this suit.

Was this last instruction correct? We think it was.

Upon such a state of facts, no vestige of consideration would exist. The land, in part payment of which the notes were given, did not, as we have seen, pass to the defendant, so as to form a consideration.

And upon the finding of the jury, there was no other consideration shown, not even the mere contract of the parties.

There was not even an understanding that the amount, or any part of the notes, should be paid, if the entire trade were not fulfilled and consummated; but, on the contrary, it was agreed that if the defendant should fail to fulfil the contract on his part, so as to entitle himself to the deed of the plaintiff, the whole trade should be given up and come to an end, without any payment or forfeiture on either side. Such was the effect of the finding by the jury. And the jury were well warranted in coming to that conclusion.

If the understanding had been different, G. W. Ela, who had acted as the agent of the plaintiff in making the contract with the defendant, and who well knew its terms and character, was a competent witness, and might readily have been called by the party whose interest it was to show the fact. It was not done. The omission to do it was a strong circumstance, in connection with the other facts appearing in the case, from which it might well be inferred that the

contract and understanding were in accordance with the verdict of the jury.

We are of the opinion, therefore, that there was no error in the ruling of the court, and that there must be

*Judgment on the verdict.*