SAMUEL B. WILLIAMS, AS ADMINISTRATOR OF WAKEMAN Y. ANDREWS, DECEASED, *v.* LUCY A. GUILE, DEFENDANT.

*Bill of sale of an insurance policy containing a power of revocation by the grantor — what facts showing a delivery to an agent of the grantee are sufficient to pass the title.*

On September 16, 1886, Andrews, the plaintiff's intestate, executed and acknowledged a bill of sale, by which, for a valuable consideration, he granted and conveyed to the defendant, her executors, administrators and assigns, a policy of insurance upon his life, dated April 30, 1847, with all the accumulations and additions thereon, the bill of sale being made upon the express condition and reservation that the said Andrews should have power to cancel and revoke the same at any time he should elect during the period of his natural life, in which event the instrument should be null and void and of no effect.

Duplicates of this bill of sale were drawn and simultaneously executed, one of which was placed with the insurance policy and delivered to Mr. Webster, the

attorney for the defendant herein, with the direction to put them " in the safe for Mrs. Guile (the defendant) ; that it was her's, and if anything happened to him to give it to her." Mr. Webster put the policy and bill of sale in his safe, and after the demise of Andrews, which occurred on the first of the following November, he delivered the policy and bill of sale to the defendant, who collected the money due upon the policy from the company.

*Held,* that there was an executed contract of sale, duly delivered, so as to pass the title to the policy in question to the defendant.

Motion for a new trial by the plaintiff upon exceptions taken at the Monroe Circuit, ordered to be heard at the General Term in the first instance.

*George F. Yeoman,* for the plaintiff.

*Edward Webster,* for the defendant.

HAIGHT, J. :

This action was brought to recover the sum of $2,488 insurance money collected by the defendant. On the 30th day of April, 1847, the Mutual Life Insurance Company of New York, issued to Wakeman Y. Andrews, a policy of insurance upon his life, payable at his death to him, his executors or administrators. On the 16th day of September, 1886, he executed and acknowledged before a commissioner of deeds a bill of sale, of which the following is a copy : " Know all men by these presents, that I, Wakeman Y. Andrews, of the city of Rochester, county of Monroe and State of New York, of the first part, for a valuable consideration paid by Lucy A. Guile, of the city of New York, State aforesaid, of the second part, the receipt whereof is hereby acknowledged, have bargained and sold and by these presents do grant and convey to the said party of the second part, her executors, administrators and assigns one policy of insurance on my life, dated the 30th day of April, 1847, number 3,525, for the sum of $1,500, issued to me by the Mutual Life Insurance Company of New York, together with all the accumulations and additions, which have accrued or which may hereafter accrue thereon, which said accumulations to the present time aggregate the sum of $969. This assignment and transfer is made upon the express condition and reservation, viz : That the party of the first part shall have the power to cancel and revoke the same at any time he shall elect during the period of his natural life, in which

event this instrument shall be null and void and of no effect. To have and to hold the same unto the said party of the second part, her executors, administrators and assigns forever, subject nevertheless to the express conditions and power of revocation hereinbefore set forth. In witness whereof, I have hereunto set my hand and seal the sixteenth day of September, in the year one thousand eight hundred and eighty-six.

"(Signed.)      "Wakeman Y. Andrews." [l. s.]

Duplicates of this bill of sale were drawn and simultaneously executed, one of which was placed with the insurance policy and delivered to Mr. Webster the attorney for the defendant herein with the direction to put them "in the safe for Mrs. Guile, that it was hers, and if anything happened to him to give it to her." That thereupon Mr. Webster put the policy and bill of sale in his safe and after the death of Mr. Andrews, which occurred on the first day of November thereafter, he delivered the policy and bill of sale to the defendant who collected of the insurance company the money due upon the policy. It also appeared from the testimony of the defendant that the duplicate bill of sale came into her hands on the same day that it was executed, and that she forwarded the same to her husband in New York; that she also had in her possession the insurance policy on that day with the assignment and that she sent them to Mr. Webster to be taken care of for her.

The court upon the trial directed a verdict for the defendant. Inasmuch as the credibility of Mrs. Guile is involved, she being a party, which the plaintiff had a right to have considered by the jury, we shall consider the question independent of her testimony. The question is, therefore, was there an executed contract of sale duly delivered so as to pass the title to the policy in question.

In the first place, as we have seen, the instrument acknowledges the receipt of a valuable consideration paid by the defendant. The evidence of Edward Webster, who was called and sworn as a witness at the instance of the plaintiff, is to the effect that Andrews stated to him that Mrs. Guile had been in his family and had done so much for him that he was going to give the policy to her. It would thus appear from the plaintiff's own showing and from the instrument itself that there was a valuable consideration for the transfer. Was there then a delivery to Mrs. Guile? Upon this subject Mr. Webster

testifies at the instance of the plaintiff that he was the depository of the papers for Mrs. Guile; that he was to give them to no one else, and was to give them to Mrs. Guile if anything happened to Mr. Andrews.

Roy C. Webster testified, on behalf of the defendant, that he was present and heard Andrews direct the assignment and policy to be put in the safe of Mr. Webster for Mrs. Guile; that it was hers, etc., and if anything happened to him to give it to her.

It is contended on the part of the plaintiff that there was not a valid delivery of the bill of sale so as to pass the title of the policy to the defendant; that it was left with Webster so that he could take it back at any time he chose, and was not to be delivered to Mrs. Guile until after his decease. But we are inclined to the opinion that the delivery was sufficient to transfer the title. The reservation in the bill of sale of the right to cancel and revoke indicates that Andrews contemplated a delivery which would pass title; for if he only intended to leave the papers with Webster subject to call, it was unnecessary to have the clause inserted giving the power to cancel and revoke; as that could be done by simply calling for the papers and taking them back into his own custody. Again, it will be observed that Webster was not directed to withhold the papers from Mrs. Guile until after Andrews death, but was directed to put them in the safe for Mrs. Guile, and if anything should happen to Andrews to give them to Mrs. Guile.

In the case of *Worth* v. *Case* (42 N. Y., 362) the plaintiff had nursed and taken care of her brother through a severe illness. Upon his recovery he delivered to her a sealed envelope superscribed with her name and the addition " this is not to be 'unsealed while I. live, and returned to me any time I wish it," and signed by him. After his death she opened the envelope and found therein a promissory note, payable to her on demand, signed by him, for $10,000. It was held that the delivery was complete subject to the power of revocation during life.

In the case of *Ruggles* v. *Lawson* (13 Johns., 285), a father delivered to a third person a deed to two of his sons of a parcel of real estate, with direction to deliver the deeds to the sons named therein as grantees in case he should die before making a will. He did die without leaving a will, and subsequently the deeds were

delivered to the sons. It was held that the delivery to a third person to be delivered to the grantees in case of death without a will, was a conditional delivery which became absolute upon an event which had taken place, and that the sons were entitled to the land.

In the case of *Young* v. *Young* (80 N. Y., 422), a father had enclosed in two envelopes certain bonds upon which he indorsed a memorandum signed by him, to the effect that the bonds therein contained belonged to his son, naming him, but that the interest to become due thereon was owned and reserved by him during his life, and that at his death the bonds belonged absolutely and entirely to the son and his heirs. One envelope was addressed to one son, the other to another son. The packages were found in the safe after his death, which he had occupied in his lifetime. It was held in this case that there had been no delivery and that consequently no title to the bonds had passed to the sons.

RAPALLO, J., in delivering the opinion of the court, says that "to establish a valid gift, a delivery of the subject of the gift to the donee, or to some person for him, so as to divest the possession and title of the donor, must be shown."

In the case at bar there was a delivery of the bill of sale and insurance policy to Mr. Webster for Mrs. Guile, so that the case is within the rule as stated. Under this view there was an executed bill of sale of the insurance policy duly delivered, subject to the right of revocation during the life of Andrews.

It was strenuously contended, on the part of the defendant, that there was a valid gift, *causa mortis*, under the authority of *Grymes* v. *Hone* (49 N. Y., 17); but under the view which we have taken of the case it becomes unnecessary to consider this claim. The evidence to which we have alluded being undisputed, there was no question of fact that was necessary to submit to the jury.

Upon the trial, after the plaintiff had rested, the defendant offered in evidence the bill of sale alluded to. This was objected to by the plaintiff; the objection was overruled and exception taken. The plaintiff, in his complaint, alleged his appointment as administrator, the issuing of the policy to Mr. Andrews, the making of the bill of sale which is set out *in hæc verba*, that the defendant came into possession of it after the death of Mr. Andrews, and had collected the money thereon; but alleged that the bill of sale was never

delivered to the defendants, and that the same was without consideration. The answer admits the allegations of the complaint, except that of the non-delivery of the bill of sale, and the want of consideration, which it denies. It was stipulated by the parties that she had received the money from the insurance company, and that she had filed with that company proofs of death, etc. Upon the allegation of the complaint, admitted by the answer and these stipulations, the plaintiff rested. Thereupon the defendant moved for a nonsuit, upon the ground that the plaintiff had presented no cause of action, which was denied, and then the defendant offered in evidence the bill of sale, which was objected to as before stated.

The answer contains no affirmative defense, and ordinarily to entitle the defendant to prove title through an assignment or bill of sale the answer should contain appropriate allegations. But we are inclined to the opinion that no harm was done the plaintiff by the admitting of this evidence; for it was the same bill of sale alleged in the complaint and admitted by the answer, and already appeared in the case, and further proof of it was unnecessary. The plaintiff might properly have omitted from the complaint the allegation in reference to the bill of sale and thus have thrown upon the defendant the duty of alleging it by way of defense. But, as we have seen, the plaintiff saw fit to insert the allegation. He then rested his case upon the admissions of the answer, without having shown that there was no delivery. As the case then stood upon the allegations of the complaint admitted by the answer, delivery would be presumed, and the court might properly have granted the motion for a nonsuit. But as we have seen, the trial court declined to do this and the defendant assumed the burthen of showing that there was a delivery. Of this the plaintiff cannot complain for otherwise the burthen of showing non-delivery would, under the allegations of the complaint in this case, have rested upon the plaintiff. (*Carnes* v. *Platt*, 41 N. Y., Supr. Ct., 435.)

The motion for a new trial should therefore be denied and judgment ordered for the defendant, upon the verdict.

BRADLEY and BARKER, JJ., concurred; SMITH, P. J., not voting.

Motion for new trial denied and judgment ordered for the defendant, on the verdict.