(Meigs County Court of Common Pleas.)

MARY A. CHAMBERS v. SIDNEY A. STEWART et al.

S. being seized of an estate in remainder, in fee, subject to a life estate in his wife, executed and delivered to a notary, a warranty deed for it to the grantor's daughter, purporting to be on a valuable consideration, but in fact as a gift, as his present deed, to be kept for and delivered to the daughter, thirty days after the grantor's death, without reserving any power of revocation or domination, and took from the notary the following receipt: "Received of J. H. Stewart one warranty deed made by J. H. Stewart to Mary Chambers to be held by T. S. Sheldon for said Mary A. Chambers until thirty days after the death of said J. H. Stewart, then to be delivered to said Mary A. Chambers, said deed bearing date the 19th of November, 1890. This the 10th of December, 1890. (Signed) T. S. Sheldon." S. caused this receipt to be delivered to the grantee, who accepted it. Subsequently, S. obtained the deed from the notary, without the consent or knowledge of the grantee, and destroyed it.

Held, The title vested in the grantee at the time of the delivery of the deed to the notary, and a second delivery by the notary was not necessary therefor, and her title remained unaffected by the destruction of the deed, notwithstanding the deed was a gift.

(Decided October, 1895.)

This action was brought by the plaintiff, as a person out of possession, having an estate in remainder in real property, against persons claiming to have an estate or interest therein, adverse to her, for the purpose of determining the interest of the parties therein, under section 5779, as amended April 21, 1893. Ohio L., vol. 90, p. 226.

The plaintiff alleges in her petition that she was the owner of an estate in remainder, in the property described in the petition, by deed from her father James H. Stewart, since deceased, subject to a life estate of her mother Julia Stewart therein. That the defendants were the heirs-at-law of James H Stewart, and claimed an interest in the premises adverse to the plaintiff's rights therein, and praying that the defendants' claim might be held to be null and void, and the plaintiff's title be quieted against the defendants' claim.

The defendants by their answer deny the title of the plaintiff.

The evidence shows that James H. Stewart at the time of the execution of the alleged deed was eighty-three years old, somewhat weak physically, in good mental condition, and the owner of about three hundred acres of land other than the five acres included in the deed to the plaintiff, which included the residence and buildings of the grantor's home farm; that he had been married twice, and had children by both wives, the plaintiff being his youngest daughter by his second wife, who was still living. That immediately prior to the signing of the deed in question, his wife, Julia A. Stewart, had asked him to convey the premises in dispute to her; that he had replied that he had intended to give the premises to their daughter, the plaintiff, but he would convey to her a life estate in them, and the remainder, subject to the life estate, to the plaintiff. To this arrangement his wife assented. Immediately afterwards he went to Mr. Sheldon, a notary in the vicinity, and had him draw up two instruments, one a lease to his wife for the term of her natural life, and the other a deed in fee-simple with full covenants of warranty, to the plaintiff. The consideration in the latter instrument was named as $1,500.00. In fact no consideration was paid or agreed to be paid, but the grant was intended to be a gift. These instruments he executed in due form of law before the notary, and took them to his home,

and delivered the lease to his wife, and showed to her the deed to the plaintiff, who was not present, and then placed the deed among his deeds. This occurred in the month of November, 1890. In the month of December following, he took the deed back to the notary, and requested him to take it into his care and keep it until his, Stewart's, death, and thirty days after that event, to deliver it to the plaintiff.

He at the time said, that he intended to make deeds of his other property to his other children. He also requested the notary to say nothing of the execution of the deed, as it would make difficulty with the other children. The notary accepted the deed, but told the grantor, that as the existence of the deed was to be kept secret, and both he and the grantor might die, there should be some written evidence of its existence, and drew up and delivered the following instrument to Stewart: "Received of J. H. Stewart one warranty deed, made by J. H. Stewart to Mary A.Chambers, to be held by T. S.Sheldon for said Mary A.Chambers until thirty days after the death of said J. H. Stewart, then to be delivered to said Mary A. Chambers, said deed bearing date the 19th of November, 1890. This 10th day of December, 1890. (Signed) T. S. Sheldon."

This receipt was read by Stewart, and was then taken by him to his house, where he delivered it to his wife, to deliver to the plaintiff, and it was by her delivered to the plaintiff a few days thereafter, who accepted it, and retained it until the suit. In August, 1891, James H. Stewart made another deed for one hundred acres of land to his son S. H. Stewart, and left it with Sheldon to be delivered to him after his, the grantor's, death. No receipt was given for this deed. In January, 1892, James H. Stewart made a deed to the plaintiff for forty-six acres of land. This deed was delivered to her at the time, and nothing was said as to the other deed left with the notary for her. In May, 1892, James H. Stewart called on Sheldon, and requested him to deliver to him the.deed so left with him for the plaintiff, and having received it, he destroyed it, giving no reason for so doing. James Stewart died in 1894, never having conveyed the remainder of his land to any one. The court further found as facts from the evidence in the case, that at the time of the delivery of the deed by Stewart, it was the intention of Stewart to deliver the deed as his absolute and present deed, and to part with all control over it, and reserved no right to revoke it, and reserved no control or dominion over it, and that the plaintiff accepted the deed.

R. DE STEIGUER, J.

It is well settled in Ohio that "where a grantor in a deed delivers it to a third person as his deed to be delivered to the grantee at the death of the grantor, and the deed is accordingly delivered to the grantee upon the grantor's death, the title passes as of the date of the first delivery." Ball v. Foreman, 37 Ohio St. 132; Crooks v. Crooks, 34 Ohio St. 610.

It is also well settled that when the grantor places in the hands of a depositary a deed to be delivered to the grantee upon the death of grantor, reserving the right or power to recall the deed at any time before his death, there is no delivery, and the deed passes no title to the premises therein described. Shirly v. Ayres, 14 Ohio, 307; Cook v. Brown, 34 N. H. 460.

The case in hand differs form the first class of cases named, in that there was no delivery of the deed after death, but it was destroyed by the grantor in his life time, and differs from the second in that the deed was delivered absolutely as the deed of the grantor to a third party as the

trustee of the grantee without any power of recall or revocation on the part of the grantor.

The claim of the defendant is two-fold; first, it was not the intention of the grantor, Stewart, to make an absolute delivery of the deed when he left it with Sheldon, the notary; second, that Stewart, having taken possession of the deed in his lifetime, and destroyed it, and thereby having prevented the second delivery after his death, the title never vested in the plaintiff; that this second delivery is necessary, and that such is the doctrine of the Ohio cases above cited.

The first of these claims raises a question of fact for the court, and the fact of delivery may be found from the language and the acts of the parties preceding, attending and subsequent to depositing the instrument with the depositary.    Dukes v. Spangler, Ohio St. 119, vol. 35.

This issue of fact the court has found against thee defendants.

As to the second contention, the authorities are not uniform, and the question does not seem to have been directly decided by the court of last resort in Ohio.    The court has decided what the effect of the deed is when the second delivery has been made, but has not decided what the effect is when the second delivery has not beeen made, as in this case.    The destruction of a deed after the title vested would not destroy the title, or re-invest it in the grantor, but the question is, did the title vest on the first delivery?

The defendants cite the opinion of Chief Justice Shaw, in the case of Foster v. Mansfield, 5 Metcalf, 412.    In that case Mansfield, the grantor, being seized of the land, executed a deed to his son, and delivered it to Dr. Shed, with a request that he would hold it and deliver it to the grantee after the grantor's death.    The grantor died, and the deed was then delivered to the grantee.    It was held that the deed vested the title in the grantee.    The justice, in disposing of the case, remarks: "It is immateiral to inquire what would have been the effect if the grantor had recovered from his sickness and taken back the deed, as the deed did not effectually pass till the second delivery.    If that second delivery had been prevented, it would probably have been held that it was wholly inoperative."    This question did not arise in the case, and therefore it does not have the force and effect of authority.

Wood, Justice, in Shirly v. Ayres, says the delivery of the deed need not be to the party.    It may be to another person, with authority from the party, or to a stranger for and on behalf, and to the use of the party, without authority, and if in either case, if unconditional, the deed will take effect instanter.    14 Ohio, 310, citing 7 Conn. 503.

In Mitchell v. Ryan, 3 Ohio St. 377, where father had made deed to his daughter and delivered to recorder for record without the daughter's knoweldge, on what purported to be a valuable consideration, but in fact without a valuable consideration, and subsequently conveyed the premises to a thrid party, it was held that record of the deed was prima facie evidence of its delivery; that delivery of a deed may be to a stranger for the use of the grantee; that such delivery must appear to be for the grantee's use, but no precise form of words is necessary to the declaration of this purpose; anything that shows the purpose is enough; and the deed was held to vest the estate to the premises in her, as against a subsequent purchaser from her father.    This case also, establishes that the mere fact that the deed was a gift to the grantor's daughter, did not give him the right to revoke the deed.

In Hathway v. Payne, 34 N. Y. 92, it was held, if a deed is only to await the lapse of time, or the happening of some contingency, it is to be

deemed the grantor's deed presently.    Where the deed is to be delivered
to the grantee on the grantor's death, the title by relation passes at the
time the deed was left for delivery.

Potter, J. in delivering the opinion says at page 107: "The cases can
be multiplied each varying from every other by some nice shade of differ-
ence upon the question whether the deed was an escrow in the hands of
the depositary or whether the depositary was made the trustee of the
grantee.    In the former case a second delivery was required, in the latter
the title passes at the instant of delivering the deed to the depositary."
In Wheelright v. Wheelright, 2 Mass. 447, it was held that a deed signed
sealed, delivered and acknowledged, which is committed to a third per-
son as the deed of the grantor to be delivered over to the grantee, on a
future event, is the deed of the grantor presently, and a third person is
the trustee of it for the grantee.    In Tooley v. Dibble, 2 Hill, 641, the
father had made a deed to his son, and delivered it to a third person, with
directions to deliver it to his son after the grantor's death but not before,
unless both called for it, and after the father's death the deed was de-
livered to the son, but in the meantime, and before the father's death, he
had conveyed the land by quit-claim deed, it was held the quit-claim deed
passed the title.    Also see Ruggles v. Lawson, 13 Johns. 285.

In Bury v. Young, 98 Cal. 446, 35 Am. 186, it is said "as before inti-
mated, the views of courts are not uniform as to how and when the deed
takes effect.    Putsman v. Baker, 30 Wis. 650, 11 Am. 592, says, the title
passes full and complete upon the first delivery, and that the depositary
becomes the trustee of the grantee, and that the grantor holds a life estate
in the property.    Stone v. Duvall, 77 Ills., holds the first delivery in-
choate    Many of the cases hold that the deed becomes operative on the
delivery by the depositary after the death of the grantor, and that such
delivery relates back to the first delivery for the purpose of carrying the
title."    The California court adopts the doctrine announced in Brutsman
v. Baker, 30 Wis. supra.

In the case in hand the grantor, after the delivery of the lease for life
to his wife, had remaining in him the estate in remainder, which was the
subject of conveyance by him.    Upon the delivery of the deed to the no-
tary, on the terms and for the uses named in the receipt, and the grantee's
acceptance of the receipt, thereby accepting the deed, the notary became
the trustee of the grantee, and held the deed in trust for the grantee, and
the estate in remainder passed at once to her, and the subsequent destruc-
tion of the deed by the grantor, without the knowledge or consent of the
grantee, was wrongful, and had not the effect of re-investing the title in
the grantor or in defeating the title already in the grantee.    The court
finds that the plaintiff is entitled to be quieted in her estate against the
claims of the defendants.

Judgment accordingly.    Notice of appeal by the defendants.

Russel & Webster, for plaintiff.

Peoples & Fish, for defendants.