## Case No. 2,438.

### CARR v. HOXIE.

[5 Mason, 60.][1]

Circuit Court, D. Rhode Island. June Term, 1828.

#### DELIVERY OF DEED—ESCROW.

1. A delivery of a deed is essential to its validity. If it be delivered as an escrow on con-

---

[1] [Reported by William P. Mason, Esq.]

ditions, those conditions must be complied with before it can take effect, as a deed.

[See Glover v. Chase, 11 Fed. 375; Hammond v. Hunt, Case No. 6,003.]

2. If an instrument be signed and sealed by the grantor, but is left with a third person, without any express or implied authority to deliver it to the grantee, it is not presently the deed of the grantor.

[See Younge v. Guilbeau, 3 Wall. (70 U. S.) 636; Ruckman v. Ruckman, 6 Fed. 225; Ireland v. Geraghty, 15 Fed. 35.]

Ejectment for a tract of land in West Greenwich. Plea, the general issue.

At the trial, the plaintiff [Nathan Carr] proved a title to the premises by a deed from Simon Reynolds to him, dated the 18th of July, 1826, the execution of which was established. The defendant [Joseph Hoxie] then set up a title to the premises under a prior deed from the same grantor, dated the 26th of May, 1826. The execution of this deed being disputed, a witness, Jonathan Nichols, was called by the defendant. He testified, in substance, that he was called upon by the parties to write the deed:—that he saw the grantor, Reynolds, sign and seal the same; and that Hoxie at the same time executed a deed of mortgage of the same lands to the grantor. The witness drew both deeds. The parties then had some conversation about the deeds, and about the fulfilment of certain conditions before they should be passed. They finally concluded to leave them both with him. But they did not authorize him to deliver either of them to the other upon the fulfilment of any conditions, nor did they deliver them to him for that purpose. Nor did he consider that he had any authority over the deeds. He made a memorandum at the time of the conversation between the parties, and afterwards gave a copy of it to Hoxie at his request. He supposed, that when the parties had adjusted all the conditions, and they were complied with, they would call on him together for the deeds; but that he had otherwise no authority to deliver them. There was no delivery of them in his presence. This was the whole case for the defendant.

Mr. Tillinghast, for plaintiff.
Bridgham & Whipple, for defendant.

STORY, Circuit Justice. Upon this evidence, I do not see, how the defence can be maintained. Here, there was no delivery of either instrument to Nichols, as the deed of the party, or as an escrow, to take effect upon the fulfilment of the conditions or agreements stated. Even supposing those conditions or agreements to be fulfilled, still the land will not pass, unless there has been an effectual delivery of the deeds with the assent of the parties respectively. See Degory and Roe's Case, 1 Leon. 152, Moore, 300; Wheelwright v. Wheelwright, 2 Mass. 447, 452; Johnson v. Baker, 4 Barn. & Ald. 440; Perk. Com. §§ 137, 138, 142–144; Bushell v.

Pasmore, 6 Mod. 217, 218. The plaintiff is therefore entitled to recover upon the consummated title to him, subsequently made.

Verdict accordingly.

[NOTE. For another case which appears to have some connections with the subject-matter of the foregoing case, see Hoxie v. Carr, Case No. 6,802. See, also, Carr v. Hoxie, 13 Pet. (38 U. S.) 460.].