### Isaac Jackson *versus* Bartlett Sheldon.

It is not necessary to call more than one of two subscribing witnesses to a deed, before other testimony in relation to its execution and delivery may be legally admitted.

Delivery is essential to the operation of a deed as a valid instrument, and without it, the grantee cannot be bound by any recitals or covenants con-tained therein; and he is a competent witness, to prove that it was delivered to a third person on a condition to be performed, and had never been de-livered to him.

It is not necessary that there should be an express declaration that a deed is delivered to a third person as an escrow to make it such. If the delivery be conditional, so as not to constitute any present obligation, it is an escrow, and not a deed.

Where an instrument has not been delivered to the grantee, but to a third person, to be delivered to him upon the performance of a condition, which has never been performed, it is but an escrow, and not a deed, and no title passes thereby to the grantee.

Writ of entry. The material facts are found in the opinion of the Court. After the evidence had all been given, it was agreed, that it should be reported by Tenney J. presiding at the trial, and that a nonsuit or default should be entered, as the opinion of the Court should be.

*Ruggles,* for the demandant, argued in support of the following, among other positions.

The destruction of the deed after the demandant's title accrued, cannot defeat it. 2 Pick. 29. The facts relating to the execution and delivery of the deed can be shown by no other than the subscribing witness. The subscribing witnesses must be first called. The facts cannot be shown by the trustee. No delivery to Bartlett Sheldon was necessary. A delivery to the trustee instantly vests the estate in the *cestui que use,* and no further delivery is necessary. The deed itself furnishes proof that it was delivered to Robinson, for he accepts it and the trusts it imposes under his hand and seal, and enters into covenants to execute it. He cannot be admitted to contradict his own deed, or to repel the presumption that it was delivered to him. The condition testified to by Webb is void for uncertainty. It was said that money was to be paid at sometime to somebody, but when, to whom, or how much, Webb was not informed, nor did Robinson himself know. There is no evidence that the grantor made any condition, when he delivered the deed, excepting after declarations, which cannot be received to defeat the creditor's title. No proof can be given of a conditional delivery, the deed itself being unconditional and absolute. The deed was in the hands of the grantee, executed by him. The title passed, and it could not be revoked, and the deed delivered as an escrow. The destruction of the deed

afterwards, cannot revest the title. Possession is sufficient evidence of delivery. 1 Har. & J. 223 ; 2 Day, 280.

*M. H. Smith,* for the tenant.

A delivery is essential to the validity of a deed, and there can be no delivery without an acceptance by the grantee. 12 Johns. R. 418 ; Shep. Touchstone, article Deed.

The deed was merely an escrow, and was deposited with Webb only as such ; and was to be delivered back, if Bartlett Sheldon failed to pay certain sums of money in a certain time. The condition was never performed, for the money has not yet been paid.

When a deed is deposited with a person not a party to it, the conversation at the time is admissible as a part of the *res gesta.* The terms on which a deed is left, are to be proved as matter. of fact. *Wheelwright* v. *Wheelwright,* 2 Mass. R. 447.

A deed deposited with a third person, to be delivered upon the happening of an uncertain event, as the payment of a sum of money, or the doing of an act which may or may not be done, must be considered as an escrow merely, and as such, can be of no effect until the money is paid or the act is done. When the condition is performed, and the deed is delivered, it may then take effect back from its execution. *Wheelwright* v. *Wheelwright,* before cited ; 2 Johns. R. 248.

Robinson did not accept the trust, but merely agreed that he would do so, if the condition was performed, and the deed should become operative.

The opinion of the Court was drawn up by

Shepley J. — It appears from the report of the case, that Arretta Bryant and others, on October 21, 1837, conveyed a farm in Newcastle to Nathan W. Sheldon and took back a mortgage of the premises to secure the payment of about one thousand dollars. That the tenant paid about thee hundred dollars, and the balance remained unpaid. That N. W. Sheldon on October 20, 1841, signed and sealed a deed of indenture of two parts between himself and Ebenezer D. Rob-

inson, purporting to convey the farm to Robinson in trust, to permit Bartlett Sheldon and Lucy H. his wife, and their heirs, to enjoy the use and occupation forever.

On the fifteenth of February following, the tenant, having this deed, called with Robinson upon Ebenezer Webb, and Robinson in his presence signed and sealed the deed, which was left with Webb till the tenant paid a sum of money, which Nathan was bound to pay, and if it was paid within a certain time, the deed was to be put on record, otherwise to be null and void and to be given up. In June following, this deed was, in the presence and by the consent of the tenant and Nathan and Robinson, given up to Nathan, upon a statement that the money had not been paid, and he cut his name out of it, and carried it away. Robinson was examined as a witness by the tenant, and testified, that the deed was never delivered to him. The demandant caused his execution to be levied on the estate as the property of the tenant, on February 17, 1842, two days after the deed had been signed and sealed by Robinson.

The counsel for the demandant contends, that the testimony of Robinson should not have been received to prove, that the deed was not delivered to him, because one of the subscribing witnesses had not been called to testify. Webb, who was the subscribing witness to the execution by Robinson, had before been examined by the demandant. If the other subscribing witness had any knowledge of the execution by him and of what then took place, it was not necessary to call more than one of the two subscribing witnesses, before other testimony might be legally admitted. 1 Stark. Ev. 323. It is also insisted, that the deed itself furnished proof, that it was delivered to Robinson; for he accepted the trust and covenanted to execute it, and cannot be permitted to contradict his own deed, and avoid his own covenants. Delivery is essential to the operation of a deed as a valid instrument; and whatever recitals or covenants it may contain, they cannot bind the parties without it. That testimony of Robinson did not contradict his covenants in the deed. It only proved, that those

covenants as expressed in the deed, never became binding upon him. At least this would have been the effect, if there had not been a delivery of the deed to a third person. The instrument could not have operated to convey the estate by the execution of one of the two intended parties, especially as the other could not be presumed to accept a conveyance imposing a burthen and conferring no benefit upon him. If it became operative to convey the estate, it must have been made so by the proceedings, when it was executed by Robinson.

The law, as stated in Com. Dig. Fait, A 3, is, "if it be delivered *as his deed* to a stranger to be delivered to the party upon performance of a condition, it shall be his deed presently ; and if the party obtains it he may sue before the condition performed." The same doctrine is stated in the case of *Wheelwright* v. *Wheelwright*, 2 Mass. R. 452. It appears to have been denied in the case of *Johnson* v. *Baker*, 4 B. & A. 440. And to have been held, in the case of *Fairbanks* v. *Metcalf*, 8 Mass. R. 230, that where the deed was *in form* delivered to the grantee and immediately afterward, according to the agreement of the parties, delivered to a third person, it did not become the deed of the grantor until the delivery by the third person. The doctrine seems to have been again in substance admitted in the case of *Murray* v. *The Earl of Stair*, 2 B. & C. 82. A technical rule, which would operate so inequitably as to dispense with the performance of a condition, when the possession of the deed must be obtained by the grantee by a breach of trust, should be clearly established. But it is not necessary in this case to examine the cases, which are referred to as the foundation of it, or to decide, whether it can be clearly established or not; for there is no proof of a formal delivery of the instrument by the grantor as his deed. And the case last named shows that the intention of the parties respecting a delivery is to prevail, and that it is not necessary, that there should be an express declaration, that it was delivered as an escrow to make it such. That if the delivery was conditional so as not to constitute any

present obligation, it was an escrow and not a deed. The concurrent testimony of the witnesses, Webb and Robinson, proves that the deed was left with Webb, to become effectual as a conveyance of the estate only upon the condition, that the tenant should pay certain sums of money, which Nathan W. Sheldon was bound to pay. It is alleged, that this condition was void for uncertainty, because the witnesses could not state, to whom payment was to be made, nor the amount or time of the payment. These matters become sufficiently apparent, except as to the time of the payment, by the mortgage, which discloses the amount and the persons, to whom N. W. Sheldon was bound to make payment. And the time, if essential to the validity of the condition, is shown to have elapsed without payment, or a performance of the condition. It is also said, that there is no evidence, that the grantor annexed any such condition to the delivery. There is no proof of any delivery by him, except through the agency of the tenant, to whom the deed partly executed appears to have been entrusted, to have it executed by the trustee and deposited with Webb to secure the payment due on the mortgage. This is disclosed as well by the nature of the transaction as by the admission of the parties present at the time when the deed was cancelled.

The case presented is then, that of an instrument not delivered to the grantee, but to a third person to be delivered to him upon the performance of a condition, which never was performed, and it was but an escrow and not a deed. And although it might have been effectual, from the time of its delivery to Webb, to convey the title, if the condition had been performed, without such performance it conveyed no title to the grantee, and the demandant must fail to show any title in the tenant, on which his execution could be levied. *Fairbanks* v. *Metcalf*, 8 Mass. R. 230; *Graham* v. *Graham*, 1 Ves. Jr. 274; *Hooper* v. *Ramsbothom*, 6 Taunt. 12.

It is not perceived that the demandant, upon the testimony presented in this case, can maintain the action.