### CHESTER RHODES *versus* SCHOOL DISTRICT No. 14 IN GARDINER.

To constitute an effective delivery of a deed, it must have come into the possession of the grantee, with the consent of the grantor that it should operate as a deed.

If a deed of land be placed in the grantee's possession, with some other purpose on the part of the grantor, than that it should take effect as a conveyance, it is no delivery of it as a deed.

A committee consisting of three inhabitants, was appointed by a school district to procure a deed of land. The deed was made and deposited with one of said committee, with directions to deliver it upon payment of the purchase money, and not otherwise. The district received the deed from the depositary, and voted to accept and record it, but made no payment. *Held*, the deed was never delivered, and the district obtained no title by it.

WRIT OF ENTRY. The trial was before SHEPLEY, C. J. The defendants submitted to a default, which is to be taken off if, in the opinion of the Court, the demandant is not entitled to recover.

*Danforth* and *Woods*, for plaintiff.

*Bachelder*, for defendants.

SHEPLEY, C. J. — The land demanded, is a lot formerly, if not now, owned by the demandant, upon which a district school house has stood for about fourteen years. During that time there has been a contention between the parties. The district claims to have acquired a title to the lot by a deed of conveyance from the demandant, bearing date on March 13, 1847.

The question presented for decision is, whether the testimony proves, that the deed has been so delivered, as to be effectual to convey the lot of land.

At a meeting of the district, on November 28, 1846, a vote

Rhodes v. School District in Gardiner.

was passed "to raise a sum of money sufficient to pay Mr. Rhodes' bill." Also "to raise a committee to tender Mr. Rhodes the money." At an adjournment of that meeting, holden on December 5, 1846, "Voted to raise a committee of three to request Mr. Rhodes to give the district a deed of the lot, which the school-house stands on, and to receive the same." "Voted that John Libby, Eliakim Norton and John Knox, be that committee." "Voted to authorize the committee to hire money to pay Mr. Rhodes, not exceeding $10,67."

John Libby testifies, that he with another member of the committee, Eliakim Norton, called upon the demandant to give a deed of the lot to the district, and that he said he would give one, and agreed to go to Norton's and give it.

Norton testifies, that he has no recollection, that the demandant then agreed to give a deed. Thinks he did not. That the demandant came to his house, and desired him to make out the deed and he did so; that demandant signed and acknowledged it, and left it in his hands, that the district might have it on payment of a sum of money, and that they could not have it without; that he carried it into a district meeting and read it, and informed the meeting of the conditions, on which he had it; that the district voted to accept the deed; that he left it on the table, he believed; that it never went into the possession of the district by the consent of the demandant.

At a meeting holden on April 5, 1847, the district voted to receive the deed, but it does not appear to have taken any measures to pay the demandant; nor does it appear that any thing has been paid to him since the deed was made.

Several witnesses testify, that the demandant admitted, that he had received payment for the land long before any of these proceedings took place, but that he insisted, that the district was indebted to him on other accounts.

There can be no doubt, that the demandant did not intend, that the deed should be operative to convey the land without the payment of a sum of money. The district having obtained possession of the deed insists, that it has obtained the title without showing, that it has made any such payment.

Proof that he had at some former time received payment for the land, connected with the proof, that he considered that the district was otherwise indebted to him, can have no effect upon the title, if he made the payment of the sum claimed by him a condition to be performed prior to a conveyance. The question is not, whether he made a just claim upon the district, but whether he made the payment of that claim a condition precedent to a conveyance. Nor can the testimony, that he promised to make a conveyance, prevent his making such a condition or destroy its effect when made.

In defence it is insisted, that the delivery of the deed to Norton, he being an agent of the district to receive it, was a delivery to the district. That to make it an escrow, the delivery must have been made to a third person. That a delivery to the grantee is effectual, though a condition be annexed and not performed.

The argument assumes, that the deed was delivered to Norton, as the deed of the demandant. The testimony is, that it was only left in his possession with authority to let the district have it on payment of a sum of money. This shows, that he did not consider, that he was delivering it to their agent for their use.

It does not appear to have been left with him in his capacity of a committee-man of the district, but rather as a scrivener of the demandant.

To constitute a delivery, the deed should appear to have come into the possession of the grantee as a conveyance by the consent of the grantor. If a deed be placed in the hands of the grantee, not for the purpose of having it take effect as a deed, but for some other purpose, that is no delivery of it as a deed, and no title will be conveyed by it. *Fairbanks* v. *Metcalf*, 8 Mass. 230; *Chadwick* v. *Webber*, 3 Greenl. 141; *Woodman* v. *Coolbroth*, 7 Greenl. 184; *Jackson* v. *Sheldon*, 22 Maine, 569; *Carr* v. *Hoxie*, 5 Mason, 60; *Stiles* v. *Brown*, 16 Verm. 563; *Elsey* v. *Metcalf*, 1 Denio, 323.

Delivery depends upon an act done, and the intent, with which it is done. *O'Kelley* v. *O'Kelley*, 8 Metc. 437.

It is apparent, that the demandant, when he left the deed with Norton, did not intend to deliver it as his deed. If the grantor after signing and acknowledging a deed, should hand it to the grantee saying, " you keep it till we make the notes and prepare a mortgage," and the grantee should retain it and refuse to make the notes and mortgage, the deed could not be considered as so delivered as to convey the title.

If Norton were to be considered as the agent of the district in receiving the deed, there would be little more reason to contend, that the deed was left in his possession as one delivered, than in the case supposed. *Judgment on the default.*