---
Dwinal *v.* Holmes.
---

*Black*, for the plaintiff.
*Perry*, for the defendant.

---

DWINAL, *petitioner, versus* HOLMES.

In order to the transfer of land by a deed, it is essential that the deed be expressly or impliedly accepted by the grantee.

The tender of a deed, and continued readiness to deliver it, by one who had given bond to convey, will transfer no title.

Neither will the payment for the land, and an occupation of it for nineteen years by the obligee, under the agreement to buy, together with such tender and readiness to deliver the deed, have the effect to vest title in the obligee.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J. presiding. PETITION for partition of land.

HOWARD, J. — The petitioner seeks partition of a farm in the town of Oxford, embracing lots numbered 3 and 4. The respondent denies the seizin of the petitioner and alleges and claims title to one quarter of lot numbered 3, and to three

quarters of lot numbered 4. Both claim to have acquired the title, which was once in the heirs of Andrew Cragie, to the lot numbered 4, and to this lot only, the present controversy applies.

Samuel Brown, (deceased,) conveyed to the grantors of the petitioner, and the question arises whether Brown acquired title either by deed, or by disseizin, to the lot in controversy.

In August 1826, he took a bond for a deed, from Whitney, as agent of the heirs of Cragie, to convey lot numbered 4, and other lands not embraced in the petition, on payment of five hundred dollars, and at the same time took possession of the land from the agent, and occupied it till his death in 1845. On April, 9, 1832, the heirs made a deed of the land, and placed it in the hands of Whitney, the agent, to be delivered to Brown, when he should pay the amount due upon the note.

This deed is still in the possession of the agent. Brown subsequently paid the amount, and it appears that the agent afterwards repeatedly offered him the deed, and requested the bond. The agent testified that "Brown promised frequently to deliver me the bond and take his deed, but never did deliver the bond and take his deed." There was other testimony tending to show that Brown had repeatedly said that he refused to take the deed, alleging that "it did not cover so much land as he bargained for, or expected to have ;" — that there was a dispute between him and Whitney about the land ; — that he had a bond for it which Whitney had demanded, and he would not give it up ; — that the deed was made out by the heirs, and Whitney had it ; that he would not take it, and that he claimed the farm as his own. The declarations appear to have been made a short time before the death of Brown, which occurred in 1845, as well as during years preceding.

This deed has been within the control of the supposed grantors, solely, and though there was a conditional execution, it was never delivered to, claimed or accepted by Brown, but seems to have been expressly repudiated by him. There must have been an acceptance, express or implied, or there

could have been no delivery. "Albeit it be never so well sealed and written, yet is the deed of no force," until delivered. *Shep. Touchstone,* 57 ; *Carr* v. *Hoxie,* 5 Mason, 60 ; *Church* v. *Gilman,* 15 Wend. 656. Brown acquired no estate or interest in the land by this deed, which never took effect.

The evidence does not show adverse possession by Brown, or those claiming under him, and consequently, neither could acquire title by disseizin.

The respondent has established his title to a portion of the lot in controversy, derived from the heirs of Cragie, but his claim to one quarter deduced from Brown, is subject to the infirmity of Brown's title.

The petitioner not being seized in fee simple, or for life, and not being possessed, or having a right of entry for any term of years, or otherwise, "as tenant in common, joint tenant, or coparcener," with the respondent, in lot numbered 4, cannot have partition of that portion of the land embraced in his petition. (R. S. c. 121, § 1 and 2.) But to lot numbered 3, his title and the tenancy having been admitted as alleged, he will have judgment for partition according to his prayer.

The case was submitted for the petitioner without argument.

· *May,* for the respondent.