Nov. Term, 1858.

STEWART v. WEED.

STEWART v. WEED.

The delivery of a deed to a third person, for the use of the grantee, will make the deed effectual from the instant of such delivery, if the grantor part with all control over the instrument.

And the acceptance of the deed by the grantee, in such case, may be presumed from the beneficial nature of the transaction; and especially will such acceptance be presumed where the grantee takes possession, and improves and cultivates the land, claiming it as his own.

Where a father conveyed land to his daughter, using the usual formalities in the execution of the deed, the husband of the daughter being present, and the contract was to all appearance consummated, and the deed left in the custody of the father without special instructions, *held,* that the delivery was complete and binding.

*Tuesday, November* 23.

APPEAL from the *Rush* Circuit Court.

DAVISON, J.—*Stewart,* who was the plaintiff, brought an action against *Weed* for the recovery of a tract of land in *Rush* county. Issues being made, the Court tried the cause, and found for the plaintiff; and having refused a new trial, rendered judgment, &c.

The facts of this case are substantially these: In the year 1854, *Weed,* the defendant, intermarried with the plaintiff's daughter. And in *January,* 1855, the plaintiff bought the land in dispute of one *Jacob Andrews* for 3,600 dollars, paid the purchase-money, and on the same day, *Andrews,* by deed in fee, conveyed the land to *Margaret C. Weed,* the plaintiff's daughter and the defendant's wife. When the magistrate by whom the deed was drawn, and before whom it was acknowledged, was writing it, the plaintiff, in an under tone, directed the magistrate to fill it up in the name of *Margaret C. Weed.* The deed was executed in the plaintiff's house. It concludes with these words: " Signed, sealed, and delivered in the presence of." The defendant was present in the same room during its execution—was silent, but near enough to hear the plaintiff's directions as to how the deed should be filled up. Whether or not he did hear them, is not directly shown. When the deed was executed and acknowledged, it was delivered to the plaintiff. *Andrews,* when he gave the deed into the hands of the plaintiff, intended to part with it, finally, and

Nov. Term,
1858.

STEWART
v.
WEED.

from that time forward never claimed to have any interest in the land, except a mere right of possession, pursuant to agreement, until the first of *March* following. The defendant and his wife, from the time of their marriage until *March*, 1855, lived with the plaintiff. During that month they moved on the land in question, where they remained, improving and cultivating it, until *August* in the same year, when Mrs. *Weed*, having taken ill, they returned to the plaintiff's residence. On the first of *September* following their return, she died, leaving one child, the issue of her marriage with the defendant, who survived its mother but a few weeks. Defendant, by himself and tenants, occupied the land, claiming it as his own, from the time he moved on to it, in *March*, 1855, until the trial of this cause —except two months in the spring of 1856. During these months, it was occupied by one *Gosnel*, as tenant of the plaintiff. *Gosnel* was ejected by suit instituted by a tenant of the defendant. The deed remained in the possession of the plaintiff unrecorded, until after the death of Mrs. *Weed* and her child, when he took the deed to *Andrews*, the grantor, and requested him to cancel it. *Andrews* tore the signatures and seals of himself and wife from the deed, and afterwards, on the first of *October*, 1855, made and delivered another deed for the same land, directly to the plaintiff. This was done without the consent or knowledge of the defendant. The plaintiff, under his deed of *October* 1, claims title to the land in controversy.

The case made by the evidence at once leads to the inquiry, whether the conveyance to *Margaret C. Weed* invested her with the title to the premises in contest? It is insisted that there was no delivery of the deed made to her, and that, therefore, it is inoperative. While, on the other hand, it is contended that, in view of the facts stated, its delivery to the plaintiff impressed him with the character of an agent, acting for his daughter, and hence, that a delivery to him was, in effect, a delivery to her.

A late writer upon the subject before us, says that "delivery to a third person, for the use of the party in whose favor the deed is made, provided the grantor parts with all

Nov. Term, 1858.

STEWART v. WEED.

control over the instrument, will make the deed effectual from the instant of such delivery; for the law will presume, if nothing appears to the contrary, that a man will accept what is for his benefit." Broom's Comm. 275, 276. This exposition seems to be correct, and, we think, has an evident bearing on the question under consideration; because the record shows that the deed in question was delivered unconditionally to the plaintiff, and that the grantor parted with all control over it. Still, however, the inquiry arises —has the grantee accepted the deed? We have decided that such acceptance may be presumed from the beneficial nature of the transaction. *Guard* v. *Bradley*, 7 Ind. R. 600. But here, in addition to the benefit which the instrument, on its face, purports to confer, the grantee and her husband took possession of, and improved and cultivated, the land described in the deed, claiming it as their own. Under these facts, it seems to us, the Court, sitting as a jury, were fully authorized to presume that the grantee accepted the deed. Nor is the fact that it remained in the possession of the plaintiff until the grantee's death, opposed to such presumption; because it must be inferred, there being no contrary proof, that the grantor, when he executed and delivered the deed to the plaintiff, divested himself of all title to the premises; and that the plaintiff received and retained it as the agent of the grantee. In *Souverbye* v. *Arden*, 1 Johns. Ch. 240, Chancellor KENT says: "If it be declared or agreed, at the time of the execution, that the deed is not to pass out of the possession of the grantor until certain conditions are complied with, the deed will not operate until those conditions are fulfilled. But if there be no such agreement or intention made known at the time, and both parties are present, and the usual formalities of execution take place, and the contract is, to all appearance, consummated, and the deed is left in the power of the grantee, or in the custody of his particular friend, without special instructions, there is no case to be found in law or equity in which such a delivery is not held binding." In the case at bar, the defendant was present when the deed was executed; and the evidence fairly allows the conclu-

sion that he was acting for his wife, and assented to the delivery of the deed to the plaintiff. *Doe* v. *Knight,* 5 B. and C. 471.—S. C., 8 Dow. and Ry. 348.   As no intention or understanding relative to the operation of the deed, other than that expressed on its face, was given at the time it was executed, we are inclined to hold, as a conclusion of law upon the case made by the evidence, that the estate conveyed vested in the grantee, as an advancement by the plaintiff to his daughter.

*Per Curiam.*—The judgment is affirmed with costs.

*P. A. Hackleman, S. W. Parker,* and *J. McIntosh,* for the appellant.

*A. W. Hubbard, L. Sexton, J. Ryman,* and *G. C. Clark,* for the appellee.