Berry *v.* Anderson.

*Bickle & Burchenal*, for the appellant.

*J. B. Julian* and *Holland & Kibby*, for the appellee.

---

---

## BERRY *v.* ANDERSON.

DEED—DELIVERY OF—ONUS PROBANDI.—The possession of a deed is *prima facie* evidence that it has been legally delivered, and the

Berry *v.* Anderson.

*onus* of proving the contrary devolves on the person who seeks to set it aside.

SAME—WHAT CONSTITUTES A DELIVERY.—To constitute a delivery of a deed there must be an intention to part with the control over it as its owner.

SAME—ESCROW.—Where a deed is delivered to a third person to hold for the parties, until the happening of a given event, it is called an *escrow*, and a delivery, by such person, to the grantee named in the deed, before the happening of the event, vests no title in him, and he can convey none.

SPECIAL AGENT—POWER.—A party who deals with one who is a special agent to perform a particular act, is bound to ascertain his power, and the act of such agent beyond his power, does not bind his principal.

ESTOPPEL—BONA FIDE PURCHASERS.—A man may be estopped by his acts from asserting title to land which he has not conveyed, as against a *bona fide* purchaser of such land, but for facts sufficient to constitute such estoppel, see opinion.

DELIVERY—TITLE.—Where a party delivers a deed, or property to another, with intent to convey to him, the title passes, even though the intention was raised by fraud or false pretences, but such title is voidable on account of the fraud, &c., though if such title is conveyed to a *bona fide* purchaser before avoidance, it becomes in him a complete and absolute title.. But where no title passes, the pretended purchaser can have none to convey, and there being no estoppel intervening, the original owner may reclaim.

ESCROW.—For a statement when, and the cases in which the question of the delivery of an instrument in writing as an *escrow*, or otherwise, arises, see the latter part of the opinion in this case.

APPEAL from the *Shelby* Circuit Court.

PERKINS, J.—*Jeremy H. Anderson* subscribed for stock in the *Cincinnati and Chicago Short Line Railroad Company.* The stock was to be paid for in real estate. On the 21st day of *April*, 1851, he signed and acknowledged a deed for a certain tract of land, which the company were to take in pay-

ment for the stock subscribed. He deposited the deed with *Joel H. Cortmel,* making to him at the time this statement, viz: that *Mr. C. F. Clarkson,* the agent of the railroad company, would call on him in a short time, and would deliver to him a certificate for 1,000 dollars of the stock of said company, and that upon such delivery of the certificate for stock, he should deliver to *Clarkson,* for the company, the deed above mentioned.

*Clarkson* called, as *Anderson* had stated he would do, but did not have with him any certificate of stock. He requested, however, that *Cortmel* would place in his hands the deed from *Anderson* to the company, so that it might be submitted, for examination, to the attorney of the railroad company. *Cortmel* placed it in his hands for that purpose; the deed has never been returned to *Anderson,* nor has any stock in the company ever been furnished him; but the company conveyed the land described in *Anderson's* deed to *George Berry.* *Anderson* has remained in possession of the land, and still is in possession, and he brings this suit to have his deed to the company, and that of the company to *Berry,* set aside as void. He succeeded below.

Three questions are made in the case:

1. Was there a delivery of the deed from *Anderson* to the railroad company?

2. If not, was there any estoppel in *pais,* as against *Anderson,* by lapse of time before seeking to avoid the conveyance, or by acts of acquiescence on the part of *Anderson?*

3. If neither of the above questions can be answered affirmatively, did the conveyance of the land to a third person, conceded to be a *bona fide* purchaser, *George Berry,* put it beyond the power of *Anderson* to reclaim?

1. The possession of the deed by the railroad company was *prima facie* evidence that it had been legally delivered, and threw the *onus* of proving the contrary on *Anderson.* Chit.

on Cont. p. 3, 7th ed.; *The City of Aurora* v. *Cobb et al.*, 21 Ind. p. 492. Delivery of deeds is of two kinds, absolute and conditional. 2 Black. Comm. 307. An absolute delivery may be made to the grantee, or to a third person for him. *Stewart* v. *Weed*, 11 Ind. 92. A conditional delivery can not be made to the grantee; because the law implies an absolute conveyance of the land, by the delivery of the deed to the grantee, and parol evidence can not be heard to defeat the conveyance. Smith on Cont., by Rawle, p. 11 and notes. The condition in case of such delivery, must be written in the deed, or upon it. *Worrell* v. *Munn*, 1 Seld. (N. Y.) Rep. p. 229; *Braman* v. *Bingham*, 26 (N. Y.) Rep. 483.

But it is not to be supposed that every act of placing a deed in the hands of the grantee named therein is a delivery, either absolute or conditional; as if the grantor place the deed in the hands of such grantee to inspect, or to hand to another person to inspect, this is no delivery, and operates in no manner as a conveyance. *Rhodes* v. *School District, &c.*, 30 Maine 110; *Graves* v. *Dudley*, 20 N. Y. Rep. 76.

To constitute a delivery there must be *intention* to part with control over the deed as its owner. *Dearmond* v. *Dearmond,* 10 Ind. 191; *Stewart* v. *Weed, supra;* Walker's Am. Law, p. 368. In the case at bar, the delivery of the deed by *Anderson* to *Cortmel*, was conditional; the deed was delivered as an *escrow*, that is, as a simple writing, till it was a second time delivered by the agent to the grantee, on the happening of the contingency upon which such second and absolute delivery was to take place. The statement of the manner of the delivery by *Anderson* to *Cortmel*, in the opening of this opinion, shows a delivery as an *escrow*. At an early day the common law required an apt and proper form of words to evidence a delivery as an *escrow; The Executors of Shoenberger* v. *Hackman*, 37 Penn. St. Rep. p. 87; but now, any evidence from which the intention appears to make the delivery such,

suffices. 2 Black. Comm., Shars. ed. 307, notes. The deed, then, having been in the possession of *Cortmel,* a stranger to it, as an *escrow,* required a further legal delivery from him to the grantee, to make that complete absolute delivery necessary to convey title. He could not give to the deed the force of a conveyance by delivering it in disregard of the restrictions under which he held it, especially in this case where the grantee received the deed with full knowledge of all the facts. *Peter* v. *Wright,* 6 Ind. 183; *Blight* v. *Schenck,* 10 Penn. St. Rep. 285. But we do not regard it as a question of good faith, or actual knowledge or otherwise, but as one of power. *Cortmel* was a special agent to perform a single act, and the railroad company were bound to ascertain his power; and the act of such an agent, beyond his power, does not bind his principal. Story on Agency, §§ 133, 224.

We come to the conclusion, then, that there was no delivery of the deed in this case, for two reasons :

1. *Cortmel,* the third person in whose hands it was placed as an *escrow,* did not, in fact, deliver it as a deed. And,

2. He had no power to do so, had he attempted to make such delivery, the event not having transpired upon which he was authorized to make it.

No delivery having been made then, the deed was never executed to the railroad company; for delivery is a material part of the execution of a written instrument; and, the deed not having been executed, no title passed, for title to land is conveyed by executed deeds.

It follows necessarily that, the railroad company, having acquired no title, had none to convey to *Berry,* and that, hence, he has none. *Vail* v. *McKernan,* 21 Ind. 421.

2. But a man may be estopped by his acts to assert title to land which he has not conveyed, as against a *bona fide* purchaser of such land. *Gatling* v. *Rodman,* 6 Ind. 289; *Barnes* v. *McKay,* 7 Ind. 301. We do not think the facts in this case

constitute an equitable estoppel. We will not extend this opinion by setting them out; but content ourselves with saying that they present almost an exact parallel with those in *Smith et al.* v. *South Royalton Bank*, 32 Vermont Rep. 341, to which we refer, and which facts were there held to be no estoppel.

3. Does the mere fact that the land has been conveyed by the railroad company to a *bona fide* purchaser, preclude the prior owner from asserting his title?

As we have said, the railroad company not having any title, conveyed none to *Berry.* And again, the title never having passed from *Anderson,* would seem on principle, and as a fact, necessarily to be in him and to be available to him, there being no estoppel in *pais;* and that it is so, is decided in *Smith et al.* v. *South Royalton Bank, supra,* a very carefully considered case. There is a *dictum* in *Blight* v. *Schenck, supra,* that contains an intimation the other way; but in the case in *Vermont* the precise point is fully considered, the authorities upon it collected, and a decision upon it made. The rule is this: Where a party delivers a deed or property to another with intent to convey to him, the title passes, even though the intent was raised by fraud or false pretenses; but such title is voidable on account of the fraud, &c., though if such voidable title is conveyed to a *bona fide* purchaser, before avoidance, it becomes in him a complete or absolute title. *Bell* v. *Cafferty,* 21 Ind. 411.

But where no title passes, the pretended purchaser can have none to convey, and, there being no estoppel intervening, the original owner may reclaim. *Vail* v. *McKernan, supra.*

In the case at bar, as we have seen, there was no delivery with intent to convey. See 2 Washburn on Real Prop. 585; Add. on Cont. 7; 4th Cruise Dig. (Greenl. ed.) p. 45, *ct seq.;* 4th Kent, 10th ed., top p. 544, and notes.

The question of delivery as an *escrow*, or otherwise, arises properly only between grantor and grantee, obligor and obligee, payor and payee, regarding all those of one character upon the instrument as one party, and those of the other character as the other party; and the doctrines springing out of the question are applied to instruments completed ready for delivery to the party to whom they are to be executed, but of which the delivery, as deeds, is to be withheld, till the happening of some contingency, till which time they are delivered to a third person, as scrolls or writings, to be by him delivered as deeds or operative instruments, on the happening of the contingency. As to this class of writings, the law is definitely settled.

But there is another class of cases, not properly involving doctrines touching the delivery of *escrows*, into which, however, the language of the cases relative to such delivery has been introduced, where the law is not so well settled. The class of cases to which we refer consists of those wherein the several persons composing the party of obligors have arrangements among themselves, or some of them, that the instrument shall not be delivered to the other party—the obligee—till the instrument is completed according to arrangements among themselves, all being of one party, obligors. But the question arising in these cases more properly is, when can the obligors defend against an instrument delivered to the obligee by some of the obligors without the consent of others, before it was perfected according to agreement among themselves? Defend because the instrument delivered was an imperfect one? And these cases may divide themselves into four classes:

1. Those where the instrument delivered is commercial paper.

2. Where the instrument delivered is not commercial pa-

per, but something appears upon its face indicating that the instrument is incomplete.

3. Where the instrument is not commercial paper, and nothing appears upon its face indicating that it is not complete.

4. Where independent of appearance and character of the instrument, the obligee takes it with knowledge, &c.

These questions do not arise in this case.

*Per Curiam.*—The judgment below is affirmed, with costs.

*L. Barbour* and *J. D. Howland,* for the appellant.

*Thos. A. Hendricks* and *Oscar B. Hord,* for the appellee.