THOMAS N. EGERY *versus* ANTHONY WOODARD.

The date of delivery of a deed is the time when it first becomes effectual as an instrument of conveyance.

Evidence that a deed, bearing date March 20, but acknowledged and delivered April 25, of the same year, was thus dated for the purpose of rendering the grantee liable for the taxes of that year, is inadmissible in an action of covenant to recover the amount paid for taxes.

The liability of an estate to taxation relates back to April 1, of each year.

ON REPORT.

ACTION for breach of covenant. Plea, general issue.

The plaintiff introduced a deed to himself, signed by the defendant, bearing date March 20, 1865, acknowledged April 25, 1865, and proof *aliunde* of its actual delivery on the day of the acknowledgment. He also proved payment by him, May 19, 1866, of the city, county and State taxes assessed upon the property described in the deed and writ, for the year 1865, to the amount of $157,50. It also appeared that the warrant of commitment, to the collector of taxes of the city of Bangor, bore date Sept. 7, 1865.

The defendant offered to prove that the deed was dated prior to April 1, 1865, in order to cover the question of taxes, and make them payable by the grantee. Whereupon the case was reported to the full Court, with an agreement that if the evidence offered by the defendant is not admissible, and the incumbrance attached April 1, instead of Sept. 7, 1865, the defendant was to be defaulted for the amount

paid by the plaintiff, with interest from date of such payment.

J. A. Peters and F. A. Wilson, for the plaintiff.

T. H. Garnsey, for the defendant.

APPLETON, C. J. — Taxes on real estate are to be assessed in the town, where the estate lies, to the person who is the owner, or in possession thereof, on the first day of April, of each year. R. S., 1857, c. 6, § 8.

The assessment must necessarily be made, the warrant for collection issued and the taxes collected, after that date. The liability of the estate to taxation relates back to that time.

No exception is taken to the legality of the assessment of the taxes, which the plaintiff has paid and now seeks to recover back.

A deed, though duly executed while under the dominion of the grantor, and before its delivery, transfers no title. It takes effect from and by delivery, and not from its date. The defendant's deed was first effectual after the land conveyed became liable for taxes assessed or to be assessed thereon for the then current year.

Parol evidence is not admissible to vary or control the effect of a deed. If it were, the evidence offered, that a false date was inserted for the purpose of affecting the legal construction of the deed and changing the rights of the parties, could not have such effect, as the date of the delivery is the time when the deed first becomes effectual as an instrument of conveyance.

Defendant defaulted for $157,50,
with interest from May 19, 1866.

KENT, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.