No. 9142.

FREELAND v. CHARNLEY ET AL.

STATUTE OF FRAUDS.—Deed.—Delivery.—Escrow.— Vendor and Purchaser.— When a correspondence in writing occurs as to the purchase and sale of real estate, not described therein, and terms are agreed upon, in pursuance of which the vendor places a proper deed in the hands of a third person, to be delivered upon.payment of the price, the case is within the statute of frauds, and at any time before payment, the vendor may destroy the deed, and another purchaser, with notice of such facts, can not be compelled to accept the purchase-money and convey the property.

From the Elkhart Circuit Court.

J. H. Baker and J. A. S. Mitchell, for appellant.

H. D. Wilson and M. J. Davis, for appellees.

ELLIOTT, C. J.—Mary M. Gray is a married woman, residing with her husband in the State of Michigan. In March, 1880, she was the owner of a lot in the city of Goshen, in this State. Appellant wrote her husband and agent a letter, proposing to buy the property, and offering to pay the price named upon the delivery of a proper abstract and sufficient deed. The agent answered, accepting the proposition, and at the same time wrote to Theodore Gavin, instructing him to procure an abstract of title for appellant, and to forward an accurate description of the lot. There was no description of the lot in any of these letters. After these letters were written, Mrs. Gray and her husband signed and acknowledged a deed, naming the appellant as grantee, and sent it to Gavin, with instructions to deliver it to the appellant upon the payment of the agreed price. Of these facts, and of the appellant's rights, the appellee Mitchell Charnley had full knowledge, but, notwithstanding this, he procured Mrs. Gray to telegraph Gavin not to deliver the deed; bought the property himself; secured the destruction of the deed to appellant. Immediately upon discovering the appellee's acts, appellant tendered him the agreed price of the property, and demanded a deed.

Appellant's theory is that the appellee Charnley received title in trust for him, and that he so holds it, and may be compelled to accept the purchase-money and convey the property to him.

Recognizing the familiar rule, that land must be conveyed in accordance with the law of the State where it is situated, appellant's counsel concede that their client's rights in the real estate in controversy must be determined by the law of this State. This express concession renders it unnecessary to speak of the statute of Michigan, which appears in the record.

The contention of counsel is, that the law of 1879 authorized a married woman to join with her husband in an executory contract for the conveyance of her separate real estate. We do not find it necessary to pass upon this question; for, if

appellant has any right to the property, it is by virtue of the deed placed in the hands of Gavin. This is so because there is no description of the real estate contained in the letters which passed between the parties. It is well settled, as appellant's counsel conceded, that a contract for the conveyance of land is within the statute of frauds, unless the land be in some way described.

The deed placed in Gavin's hands was of no validity whatever until delivered. We can not regard the placing of the instrument in his hands as a delivery to the agent of the appellant. It does not appear that he was the agent of any other persons than Mrs. Gray and her husband. In view of the facts disclosed by the record, it is impossible to treat Gavin as the agent of the appellant. The case made is that of a principal placing in the hands of his agent an instrument, in form a deed, and formally executed as such.

We can not assent to the doctrine that a deed which has not been delivered is a sufficient writing to take a case out of the statute of frauds. It is true that Professor Washburn says of a deed not delivered, but placed in the hands of a third person, that "it may be used as evidence of the contract to sell and purchase the land, and, in that way, have effect given to it, under the statute of frauds, as a writing signed by the parties." 3 Washb. Real Prop. 303.

We look upon this statement as radically wrong. Until delivery there is no valid contract for any purpose. Delivery is absolutely essential to the existence of a deed, for until delivery there is not a spark of vitality in the instrument; it is no more than a mere piece of paper covered with written or printed characters, and possesses no more force than a poem or an historical essay, locked in the desk of the person described as grantor. We find upon investigation that the only case cited in support of his text, by the author quoted, is that of *Cagger* v. *Lansing*, 57 Barb. 421, and that this case has been directly overruled in *Cagger* v. *Lansing*, 43 N. Y. 550. It is unquestionably the law, that a deed is destitute of force until delivered, and can not be made available for any purpose.

The question comes to this: Was there a delivery of the deed? It is settled that a deed once effectually delivered can not be recalled. If there was an effectual delivery of the instrument signed by Mrs. Gray and husband, the case is with the appellant; if there was no such delivery, then it is against him.

In support of the position that the act of the grantors in placing the instrument in the hands of Gavin, to be delivered to appellant upon the payment of the purchase-money, constituted a delivery, counsel cite the case of *Farley* v. *Palmer*, 20 Ohio St. 223. The case is meagrely reported and not much considered; but, as we understand it, there is no decision upon the point here under discussion. The only point argued or decided is exhibited in the quotation we make from the opinion: "And now it is contended that Farley was not bound by the contract, on the alleged ground that as Mrs. Palmer, being a married woman, was not bound, there was no mutuality of obligation. We think otherwise." Another of the cases cited by appellant is that of *Cook* v. *Brown*, 34 N. H. 460. The ruling in that case is against, not for, the appellant. It was there said: "When the delivery is absolute, the estate passes at once to the grantee; but when conditional, the estate remains in the grantor until the condition is performed and the deed delivered over to the grantee. Strictly speaking, a conditional deed is not a deed but an *escrow*, a mere writing, the effect of which is to depend upon the performance of the conditions by the grantee." It is the settled law, that, where a deed is unconditionally delivered to a third person for the grantee, it takes effect immediately. This is all that the case of *Shirley* v. *Ayres*, 14 Ohio 308, decides. A deed placed in the hands of a third person for the grantee is at once operative, provided always, that the grantor intends it as a delivery and parts with all control. But, to constitute such an act a delivery, it must appear that the grantor placed it in the hands of the third person for the grantee, and that it was not accompanied by any condition. 4 Kent Com. 455 *n*; *Stewart* v. *Weed*, 11 Ind. 92.

If a deed is placed in the hands of a third person, not to be delivered to the grantee until some condition has been performed, it is an escrow. Professor Washburn thus clearly states the rule : " If the delivery depends upon the performance of a *condition*, it is an *escrow*." There are many cases applying this doctrine to the deposit of a deed to be held until the payment of the purchase-money. *Clark* v. *Gifford,* 10 Wend. 310 ; *Gilbert* v. *North Am., etc., Co.,* 23 Wend. 43 ; *State Bank, etc.,* v. *Evans,* 3 Green N. J. 155 ; *Millett* v. *Parker,* 2 Met. Ky. 608 ; *Shoenberger* v. *Hackman,* 37 Pa. St. 87 ; *State* v. *Peck,* 53 Me. 284 ; *Johnson* v. *Baker,* 4 B. & Ald. 440. This is the rule declared by our own cases. In *Berry* v. *Anderson,* 22 Ind. 36, the grantor placed the deed in the hands of a third person, to be held until the grantee should place a certificate of stock in the possession of the person with whom the deed was deposited, and it was held to be a mere escrow. It was also held that the delivery to the grantee before the condition was performed was absolutely void, and that even a *bona fide* purchaser without notice from the grantee would not acquire title. In the course of the opinion it was said : " To constitute a delivery there must be *intention* to part with control over the deed as its owner. *Dearmond* v. *Dearmond,* 10 Ind. 191 ; *Stewart* v. *Weed, supra ;* Walker's Am. Law, p. 368. In the case at bar, the delivery of the deed by Anderson to Cortmel was conditional ; the deed was delivered as an *escrow*, that is, as a simple writing, till it was a second time delivered by the agent to the grantee, on the happening of the contingency upon which such second and absolute delivery was to take place. The statement of the manner of the delivery by Anderson to Cortmel, in the opening of this opinion, shows a delivery as an *escrow*. At an early day the common law required an apt and proper form of words to evidence a delivery as an *escrow ; The Executors of Shoenberger* v. *Hackman,* 37 Pa. St. 87 ; but now, any evidence, from which the intention appears to make the delivery such, suffices. 2 Black. Comm., Shars. ed., 307, notes. The deed, then, having been in

the possession of Cortmel, a stranger to it, as an *escrow*, required a further legal delivery from him to the grantee, to make that complete absolute delivery necessary to convey title." In the late case of *Robbins* v. *Magee*, 76 Ind. 381, this principle was approved and enforced. The correspondence between the appellant and the agent of Mrs. Gray very plainly shows that there was no delivery to the grantee, nor to Gavin for him, but a mere deposit of the deed with Gavin, to be held until the appellant had performed a stated condition. We can not accept mere general conclusions in the face of substantive facts, and these undeniably show that the grantors had never parted with control of the deed.

Where a deed is delivered as an escrow, it does not become operative until rightfully delivered to the grantee. This is the rule declared by our own cases, and is the one approved by other courts, and by the elementary writers. Upon this subject Washburn quotes, with approval, this statement of the rule: "Until the performance of the condition, it (the deed) must remain a mere scroll in writing, of no more efficacy than any other written scroll; but when, upon the performance of the condition, it is delivered to the grantee or his agent, it then becomes a deed to all intents and purposes, and the title passes from the date of the delivery. The delivery, to be valid, must be with the assent of the grantor." 3 Washb. Real Prop. 303. It is said by this author at another place, that, " When a deed has been delivered as an *escrow*, it has no effect, as a deed, until the condition has been performed, and no estate passes until the second delivery, though, when such second delivery has been made, it relates back to the first, for many purposes, and is considered as a consummation of an inchoate act then begun." 3 Washb. Real Prop. 302. It affirmatively appears in the case under examination, that no delivery was ever made to the grantee, and that while the deed was in the hands of the depositary, and before the performance of the condition imposed by the grantors, it was, at their request, annulled and destroyed.

We heartily assent to the doctrine, that the conditions upon which a deed is placed in the hands of a depositary, as an escrow, may be proved by parol. We think the true rule upon this subject is expressed, with unusual vigor and clearness, by RYAN, C. J., in *Campbell* v. *Thomas*, 42 Wis. 437. Said this distinguished judge, in the opinion delivered by him on the petition for a rehearing: " I have no doubt that an *escrow* may be proved by parol. The difficulty here is not in the proof of the alleged *escrow*, but in the proof of the contract of the sale and purchase itself. When there is a valid contract under the statute, the papers constituting it, or executed in compliance with it, may be delivered in *escrow*, and the *escrow* may be proved by parol. But the validity of the *escrow* rests on the validity of the contract; and the validity of the contract rests on the statute." In the present case, the condition upon which the deed was placed in Gavin's hands might have been proved by parol, but the contract itself must be in writing. The deed, as we have seen, is, in legal contemplation, no contract at all, for delivery is an essential part of a deed, as Ch. J. Coke long since demonstrated.

There are some remarks in the original opinion delivered in the case last cited, in criticism of earlier cases in the same court, which countenance the doctrine that an undelivered deed may satisfy the statute, but it is plain from what was said in the subsequent opinions that the court did not mean to assent to any such doctrine. RYAN, C. J., said: " When this appeal was decided on the first hearing, I concurred in some criticisms then made on the brief opinion of the late Chief Justice in *Thomas* v. *Sowards*, 25 Wis. 631, following upon what he had previously said in *Brandeis* v. *Neustadtl*, 13 Wis. 142. I am not prepared to concur still in those criticisms. A re-examination of the subject inclines me to assent to what was there said on the subject by that able and discriminating judge." The judge by whom the original opinion was written himself says: " The proposition that the execu-

tory contract may be proved by the deed (if it is stated therein) is, however, still open in this court for argument and decision in a proper case." It thus appears that there was no decision of the question, and that the criticisms of the judge writing the opinion were altogether foreign to the question presented for decision.    There is, in the case under immediate mention, a point decided which is of controlling importance, and is in harmony with the views we have expressed. It was said by LYON, J.: "But we have not discovered a single case in which it has been held that one who has deposited a deed of land with a third person with directions to deliver it to the grantee on the happening of a given event, but who has made no valid executory contract to convey the land, may not revoke the directions to the depositary and recall the deed at any time before the conditions of the deposit have been complied with; provided those conditions are such that the title does not pass at once to the grantee upon delivery of the deed to the depositary." It is clear to our mind that a deed placed in the hands of a depositary, with directions to deliver it upon the performance of a designated condition by the grantee, may be recalled before performance.    Until the grantee has in some manner assented to such deposit, there can not be the semblance of a delivery, for every delivery implies an acceptance.    Of course, if there is, back of the deposit of the deed, an enforceable contract, relief might be had; but in such a case the deposit of the deed would not supply the right of action—that would be supplied by the executory contract.    In the case at bar the deed was recalled before the performance of the condition, and there was no enforceable executory contract. Without such a contract there is no cause of action.

Judgment affirmed.