**Fannie P. HOOD**

v.

**Betty HOOD et al.**

Supreme Judicial Court of Maine.

April 25, 1978.

---

Wilson, Steinfeld, Murrell, Barton & Lane by Steven A. Juskewitch (orally), Thomas P. Wilson, Henry Steinfeld, Portland, for plaintiff.

Smith, Elliott, Wood & Nelson, P. A. by Robert J. Foley (orally), Roger S. Elliott, Saco, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

The Defendants appeal from the judgment of the Superior Court in York County which declared a quitclaim deed from Fannie P. Hood to Kenneth E. Hood to be void and inoperative. They assert, as their sole issue on this appeal, that the court below erred in concluding that there was no valid delivery of the deed in question.

We deny the appeal.

Prior to March of 1974, the Plaintiff, Fannie P. Hood, held title to certain farm property in the town of Dayton, upon which she and her son, Kenneth E. Hood, lived. In that month, Mrs. Hood, then in her mid-eighties, entered a hospital for surgery, from which she believed she might not recover. Through one of her daughters, Mrs. Hood requested an attorney to draw a deed conveying the farm to Kenneth E. Hood. The deed was duly executed by Mrs. Hood [1] at the hospital on March 14, 1974, and it was given to the attorney, who caused it to be recorded at the York County Registry of Deeds the next day.

Kenneth E. Hood had no knowledge of the transaction until sometime later, when he visited his mother in the hospital. After she told him what she had done, her son informed her he wanted no part of the property, and he requested his mother to "take it right back" to herself. Mrs. Hood subsequently attempted to contact the attorney who had drawn the deed, but was unsuccessful because he was on vacation. Kenneth E. Hood died on May 9, 1974, holding record title to the farm.

Mrs. Hood then commenced this action against those who claimed title under her son [2] to declare void the conveyance to her son. Following a jury-waived trial, judgment was entered for the Plaintiff, and the Defendants appealed.

The parties agree that a deed is effectual to convey title only upon delivery as that term is legally conceived. *Jackson v. Sheldon*, 22 Me. 569 (1843); *Egery v. Woodard*, 56 Me. 45 (1868). However, recording a deed in the appropriate registry of deeds does not *per se* operate as such a delivery,

---

1. The court below found as a fact that Fannie P. Hood was mentally competent to execute the deed. None of the parties challenge that finding on this appeal.

2. Apparently the four female Defendants are the daughters and heirs at law of Kenneth E. Hood, and the three male Defendants are the husbands of the three married daughters.

nor does it obviate the need for proof thereof. *City of Auburn v. Mandarelli,* Me., 320 A.2d 22, 26, appeal dismissed, 419 U.S. 810, 95 S.Ct. 25, 42 L.Ed.2d 37 (1974). Thus, the dispute here concerns not the necessity for delivery but the steps which are required to accomplish delivery.

The Defendants' position is that the concept of deliver focuses only upon the actions of the putative grantor. They argue that delivery was completed when the Plaintiff gave the deed to the attorney for recording, thus relinquishing the right to recall the deed.[3]

We disagree.

Maine has traditionally followed what appears to be the majority rule that delivery of a deed is a consensual act. *Dwinal v. Holmes,* 33 Me. 172 (1851), 23 Am. Jur.2d 130, 176 (Deeds §§ 77, 127). Cf. *Central Maine Power Co. v. Rollins,* 126 Me. 299, 304, 138 A. 170, 173–174 (1927). See also *Harrison v. Trustees of Phillips Academy,* 12 Mass. 456, 461 (1815). Thus, effective delivery of a deed requires the correlative act of acceptance by the grantee.[4] The rationale for such a rule is that an estate cannot be thrust upon a person against his will, even if done gratuitously.

Our decision in *Tripp v. McCurdy,* 121 Me. 194, 116 A. 217 (1922), is consistent with that rule. Insofar as is here pertinent, *Tripp* merely establishes that subsequent assent by a grantee to a conveyance made without such grantee's knowledge is sufficient to constitute an acceptance, at least where there has been a physical delivery of the deed, without reservation, by the grantor to a third party.

The question of acceptance was one of fact. *Central Maine Power Co. v. Rollins,* supra, 126 Me. at 304, 138 A. at 173–174. Since the court below found as a fact that Kenneth E. Hood never accepted the deed, and since the Defendants concede there was credible evidence to support that finding, the judgment below must be affirmed.

The entry is:

Appeal denied.

Judgment affirmed.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

---

3. There was evidence before the court below that Mrs. Hood had no intention to pass absolute title to the property unless she failed to survive the surgery. Basing his ruling on the finding of lack of delivery, the presiding justice found it unnecessary to reach the issue of whether the deed was void as an attempted testamentary transfer. For the same reason it is unnecessary for us to reach that issue.

4. By P.L.1975, c. 310 (as amended by P.L.1975, c. 623, § 18–I), effective after the events which gave rise to the instant action, the Legislature enacted the Uniform Disclaimer of Transfers Under Nontestamentary Instruments Act. 18 M.R.S.A. § 1251 *et seq.*